Fuld, J.
These two cases arise out of automobile accidents which occurred in 1960. In each, the claimant, who carried automobile liability insurance, was struck and injured by a motorist driving an uninsured automobile. As required by the MVAIC endorsement to his policy, he promptly filed a claim with MVAIC for his injuries. He did not, however, serve a demand for arbitration until 1964. MVAIC moved to prevent arbitration (CPLB 7502, subd. [b]; CPLB 7503, subd. [b]) on the ground that the claim sounded in tort and, accordingly, was barred by the three-year Statute of Limitations. The motions were denied at Special Term and unanimously affirmed by the Appellate Division. We granted leave to appeal in order to resolve the question — of first impression in this court — whether the three-year (tort) or the six-year (contract) Statute of Limitations applies.
The claim asserted in arbitration against MVAIC exists solely by reason of the coverage provided by the insurance policy, for which the insured paid an additional premium. Absent the provision in the contract of insurance, there could and would be no conceivable basis for recovery against MVAIC and, accordingly, the claim asserted is governed by the contract Statute of Limitations. Since the six-year statute applies, the claimant is not required to demand arbitration within the three-year period prescribed for the" commencement of tort actions.[1]
*80 Nor will the arbitrator who is to hear the controversy be permitted to import a three-year time limitation into the contract by virtue of the provision which obligates MVAIC to pay all sums (up to $10,000) that the insured would be “legally entitled to recover ” as damages from the uninsured motorist (Endorsement, par. I; see Insurance Law, § 167, subd. 2-a [L. 1958, ch. 759, § 4]).[2] Although, under a broad arbitration clause, interpretation of contractual language is left to the arbitrator (see, e.g., Matter of Exercycle Corp. [Maratta], 9 N Y 2d 329, 333-334; Matter of Terminal Auxiliar Maritima [Winkler], 6 N Y 2d 294, 298; Matter of Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284, 298), we deal here not only with a narrow arbitration provision (see Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 N Y 2d 310; Matter of MV AIC [Downey], 11 N Y 2d 995) but with language of statutory origin, language which the Legislature mandated be written into the policy (Insurance Law, § 167, subd. 2-a). Under such circumstances, the court should definitively construe the phrase, legally entitled to recover, rather than leave the matter for decision by individual arbitrators on a case to case basis.
Pursuant to the terms of the policy endorsement, the insured person must give written notice of his claim to MVAIC within 90 days after the accident and, if the claimant and MVAIC do not agree that he is “ legally entitled to recover ’ ’ from the uninsured motorist, then, ‘ ‘ upon written demand of either, ’ ’ the matter is to be settled by arbitration. The only claim that may be referred to the arbitrators is the one which was made within 90 days after the accident. In other words, the issue whether the insured would be “ entitled ” to recover from the tort-feasor must necessarily be decided as of the time the claim was initially filed with MVAIC. The language in question — legally entitled to recover — simply means, therefore, that, if the insured is to obtain an arbitral award against MVAIC, he must support his claim by proving those facts which he would have had to establish had he proceeded against the uninsured motor *81 ist, namely, (1) fault—i.e., the uninsured motorist’s negligence as well as the claimant’s freedom from contributory negligence — and (2) damages. Indeed, this court has already indicated that the phrase ‘ ‘ legally entitled ’ ’ means and denotes ‘ ‘ fault ’ ’. (Matter of Rosenbaum [American Sur. Co. of N. Y.], 11 N Y 2d 310, 314, supra; see, also, Matter of MVAIC [Downey], 11 N Y 2d 995, supra.) The provision was not designed to bar arbitration or to prevent recovery from MVAIC merely because the tort-feasor, had he been sued at law, could have asserted the Statute of Limitations in defense.
This conclusion is confirmed by comparing subdivision 2-a of section 167 of the Insurance Law, which concerns ‘ ‘ insured persons ” such as the claimant before us, with subdivision (d) of section 618, which covers uninsured ‘ ‘ qualified persons ’ ’ who are victims of hit-and-run accidents. In sharp contrast with the former provision, subdivision (d) of section 618 declares that MVAIC may assert “ any defense ” which “ would have been available ” to the tort-feasor had he been sued by the injured party. The absence of a similar provision in section 167, or in the policy endorsement required by the statute, precludes MVAIC from seeking to benefit from a shorter time limitation than is available for contracts generally. If the tort Statute of Limitations had been desired as a restriction on an insured’s claim against MVAIC, it would have been a simple matter to expressly provide therefor — either by the insurer in the policy or by the Legislature in the statute (cf. Cal. Ins. Code, § 11580.2, subd. [h]; see, also, Cal. Ins. Code, § 11580.2, subd. [f], dealing with the insurer’s right of subrogation against the tort-feasor).
In sum, then, the contract Statute of Limitations applies and, in a case such as the present, the insured person has six years from the date of the accident within which to demand arbitration of his claim against MVAIC.
In De Luca, the order appealed from should be affirmed, without costs. In Bradanese, the order appealed from should be affirmed, with costs in this court.

. Indeed, the lower courts have over the years consistently held that the contract Statute of Limitations is applicable and that the insured has six years from the date of- the accident to demand arbitration. (See, e.g., Matter of McNamara [MV AIC], 22 A D 2d 1017 [1st Dept.], affg. 42 Misc 2d 923 [per Gold, J.]; Matter of MV AIC [McDonnell], 23 A D 2d 773 [2d Dept.], affg. 40 Misc 2d 657 [per Albert, J.]; Matter of La Marsh [Maryland Cas. Co.], 35 Misc 2d 641 [per Stier, J.]; Matter of McGuinness [MV AIC], 40 Misc 2d 775 [per Brust, J.]; Matter of Fitzpatrick [MV AIC], 40 Misc 2d 970 [per Livoti, J.]; Matter of Ceccarelli [Travelers Ind. Co.], 204 N. Y. S. 2d 550 [per McDonald, J.] ; Matter of Travelers Ind. Co. [De Bose], 226 N. Y. S. 2d 16 [per Ventiera, J.]; Allstate Ins. Co. v. Guarriello, N. Y. L. J., Mar. 14, 1963, p. 15, col. 2 [per Chimera, J.]; Napoli v. MV AIC, N. Y. L. J., June 29, 1964, p. 9, col. 6 [per Helman, J.]; Massa v. MV AIC, N. Y. L. J., Nov. 4, 1964, p. 17, col. 3 [per Silverman, J.]; cf. Matter of Nationwide Mut. Ins. Co. [Holbert], 19 A D 2d 683 [3d Dept.], affg. 39 Misc 2d 782.)

. Subdivision. 2-a of section 167 of fhe Insurance Law was amended in 1965 to substitute the particular insurer on the policy for MVAIC. The statute, as it now reads, requires each policy to contain “a provision whereby the insurer agrees that it will pay [such sums] to the insured” (L. 1965, eh. 322, § 3, eft. July 1, 1965; italics supplied).