210 So.2d 474 (1968)
HARTFORD ACCIDENT & INDEMNITY COMPANY, a Foreign Corporation, Appellant,
v.
Lyda L. MASON, Appellee.
No. 67-967.
District Court of Appeal of Florida. Third District.
May 21, 1968.
*475 Walton, Lantaff, Schroeder, Carson & Wahl and Carl E. Jenkins, Miami, for appellant.
Sams, Anderson, Alper & Spencer, Horton & Schwartz, Miami, for appellee.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
Two principal points are preserved for review on this appeal. First, whether uninsured motorist coverage may be excluded under an insurance policy as to certain vehicles and, second, whether an action to recover for wrongful death, occasioned by an uninsured motorist, is governed by the two-year statute of limitations or the five-year statute of limitations.
The trial judge held, in effect, that a partial exclusion of coverage as to certain vehicles was void and that the five-year statute applied. We affirm. As to the attempted exclusion, see: Sellers v. United States Fidelity & Guaranty Company, Fla. 1966, 185 So.2d 689; Travelers Indemnity Company v. Powell, Fla.App. 1968, 206 So.2d 244; Butts v. State Farm Mutual Automobile Insurance Co., Fla.App. 1968, 207 So.2d 73; Lumbermen's Mutual Insurance Company v. Seaton, Fla.App. 1968, 207 So.2d 733; Forbes v. Allstate Insurance Company, Fla.App. 1968, 210 So.2d 244.
As to the statute of limitations, we hold that the five-year period would be applicable under § 95.11(3), Fla. Stat., F.S.A. Without the policy there would be no claim against the company, and it is apparent that the limitation applicable should be that pertaining to written agreements. See: Booth v. Fireman's Fund Insurance Company, La. App. 1967, 197 So.2d 352; DeLuca v. Motor Vehicle Accident Indemnification Corp., 17 N.Y.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482; Schleif v. Hardware Dealer's Mutual Fire Insurance Company, 1966, 218 Tenn. 489, 404 S.W.2d 490; 14 U. of Florida L.Rev. 455, 471; 48 Calif.L.Rev. 531; 24 Ohio L.J. 591.
Therefore, the final judgment here under review is hereby affirmed.
Affirmed.