Raul C. FRANCO et ux., Appellants,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

No. 15160.

Court of Civil Appeals of Texas, San Antonio.

April 18, 1973.

Rehearing Denied June 13, 1973.

Tinsman & Houser, Inc., San Antonio, for appellants.

Groce, Locke & Hebdon, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an uninsured motorist case in which the plaintiffs, Raul C. Franco and wife, Maria T. Franco, seek to recover damages from defendant, Allstate Insurance Company, arising out of an accident in which Rose Marie Franco, the daughter of plaintiffs, was killed, and in which Raul C. Franco suffered personal injuries. Plaintiffs seek to recover $10,000 under the wrongful death statute[1] because of the death of their daughter, Rose Marie Franco, and also seek to recover the further sum of $10,000 because of personal injuries suffered by Raul C. Franco in such accident. The parties stipulated that: (1) the accident, made the basis of this suit, occurred on December 28, 1967; (2) that Rose Marie Franco died on December 28, 1967; (3) that the first suit filed by plaintiffs based upon such accident was filed in the United States District Court September 11, 1970; and (4) that within sixty days from the date the suit was dismissed in the United States District Court for lack of jurisdiction, the present law suit was filed. Defendant filed a motion for summary judgment asserting that the various claims were barred by limitation as a matter of law. The trial court granted defendant's motion for summary judgment and decreed: (a) that plaintiffs take nothing by their suit against defendant arising out of the death of Rose Marie Franco; and (b) that plaintiffs take nothing against defendant for personal injuries received by Raul C. Franco.

1. Article 4671, Vernon's Tex.Rev.Civ.Stat. Ann., "Wrongful Death Statute," reads in pertinent parts: "An action for actual damages on account of the injuries causing the death of any person may be brought in the following cases:

"1. When an injury causing the death of any person is caused by the wrongful act, neglect, carelessness, unskilfulness, or default of another person . . . such persons . . . shall be liable in damages for the injuries causing such death. . . . "

On December 28, 1967, Raul C. Franco, accompanied by his daughter, Rose Marie Franco, was involved in a motor vehicle collision with one Jesus Alderete, an uninsured motorist. As a result of the collision, Rose Marie Franco sustained severe injuries which resulted in her death, and Raul C. Franco also suffered personal injuries. At the time of the accident, Raul C. Franco was insured under a policy with Allstate, which provided uninsured motorist coverage. No suit has been instituted against Alderete.

Plaintiffs assert that the trial court erred in granting defendant's motion for summary judgment because the suit in question was upon a written contract, that is, an insurance policy providing uninsured motorist coverage;[2] and, therefore, the four-year statute of limitations as embodied in Article 5527, Subdiv. 1, Tex.Rev. Civ.Stat.Ann.,[3] controls. They further assert that as to the wrongful death action, assuming arguendo that the two-year statute of limitations controls, Article 5538, Tex.Rev.Civ.Stat.Ann.,[4] operates to toll the running of such limitation for up to one year after the date of death, if no administrator or executor has sooner qualified.

Defendant contends that an uninsured motorist suit against the insurance company is a suit for injury to a person and not a suit for a debt, and that the law suit sounds in tort, not in contract, and is controlled by the two-year statute of limitations.[5] By a counterpoint it asserts that even if the court is of the opinion that the four-year statute is applicable to uninsured motorist suits generally, the trial court was still correct in granting summary judgment on the wrongful death action asserted for the death of Rose Marie Franco because the wrongful death action was barred by Article 5526, Subdiv. 7, Tex.Rev.Civ.Stat.Ann.

It is seen from the record that this suit was filed more than two years after the occurrence of the accident in question, but less than three years after such accident; and that the date of the accident was also the date of the death of Rose Marie Franco.

It can be seen that this case involves two primary questions: (1) is the two- or

2. The insurance company's liability under its uninsured motorist coverage is delineated in Article 5.06–1, Tex.Ins.Code, V.A.T.S., effective October 1, 1967, which provides in part as follows: "No automobile liability insurance . . . covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto, in the limits described in the Texas Motor Vehicle Safety-Responsibility Act, under provisions prescribed by the Board, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom."

3. Article 5527 provides in pertinent parts as follows:
   "What actions barred in four years"
   "There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: (1) Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing. * * *"

4. Article 5538 provides in pertinent parts as follows: "In case of the death of any person against whom or in whose favor there may be a cause of action, the law of limitation shall cease to run against such cause of action until twelve months after such death, unless an administrator or executor shall have sooner qualified according to law upon such deceased person's estate; in which case the law of limitation shall only cease to run until such qualification."

5. Article 5526 provides in pertinent parts as follows:
   "Actions to be commenced in two years"
   "* * * (6) Action for injury done to the person of another. (7) Action for injury done to the person of another where death ensued from such injury; and the cause of action shall be considered as having accrued at the death of the party injured. * * *"

four-year statute of limitations applicable to a claim by an insured against his insurer under the uninsured motorist coverage provision of his policy; and (2) as to the wrongful death claim under uninsured motorist coverage, assuming arguendo that the two-year statute of limitations controls, does Article 5538 operate to toll the running of such limitations for up to one year after the death, if no administrator or executor has sooner qualified.

We have been cited no Texas cases, nor have we been able to find any, where this question of limitations has been involved, and so far as we have been able to ascertain, this is a case of first impression in Texas.

In this opinion the two types of claims asserted by plaintiffs, that is, their claim under the wrongful death statute because of the death of Rose Marie Franco, and their claim for all other damages not connected with the wrongful death statute, will be discussed separately.

### Claims Other Than Those Under the Wrongful Death Statute

The basic question here involved is what is the applicable statute of limitations in Texas in a suit by an insured against his insurance company under the uninsured motorist clause of his policy, where there is no prior judgment against the uninsured motorist. Defendant asserts that this suit is not an action for debt and does not come within the provisions of Subdivision 1, Article 5527, but that this suit is a suit for injury to a person and that the law suit sounds in tort and not in contract. Although we have found no applicable Texas cases with regard to suits under the uninsured motorist provision, there are Texas cases with regard to suits on other insurance policies in which it was held that the four-year statute was applicable. In Taylor v. National Life & Accident Insurance Co., 63 S.W.2d 1082, 1083 (Tex.Civ.App.

—Amarillo 1933, writ dism'd), it is stated: "The general rule is that the four-year statute of limitation applies to suits on insurance policies because they are contracts in writing under the provisions of article 5527, subd. 1. Simmons v. Western Indemnity Co. (Tex.Civ.App.) 210 S.W. 713; Commercial Standard Ins. Co. v. Lewallen (Tex.Civ.App.) 46 S.W.2d 355." Our Supreme Court in Universal Life & Accident Insurance Co. v. Shaw, 139 Tex. 434, 441, 163 S.W.2d 376 (1942), in a case involving a health and accident policy, held that the two-year statute of limitations did not apply and that, "This suit was based upon a written contract, and Article 5527, prescribing what suits will be filed within four years, is applicable."

The question of whether the contract statute of limitations or the tort statute of limitations is applicable in suits involving uninsured motorist coverage has been passed on by a number of out-of-state jurisdictions. The majority of these courts have held the applicable statute of limitations to be the one for written contracts. In an annotation in 28 A.L.R.3d 580, 582–583, Automobile Insurance: Time Limitations as to Claims Based on Uninsured Motorist Clause, it is said:

"It is often stated that by adopting legislation concerning the financial responsibility of motorists, including that requiring uninsured motorist endorsements, the legislature has shown its concern for the economic hardships arising from damages caused by financially irresponsible motorists.

"In line with this policy, the courts, in determining what statute of limitations applies to actions based on insurance providing indemnity for injuries caused by uninsured motorists, have generally regarded the action as one governed by the period applicable to actions based upon contract, rather than the frequently shorter period governing tort actions."[6]

6. "The argument has been made that the applicable limitation period should be that

governing actions sounding in tort, which argument is based upon the fact that de-

See also: DeLuca v. Motor Vehicle Accident Indemnity Corp., 17 N.Y.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482 (1966); Schleif v. Hardware Dealer's Mutual Fire Insurance Company, 218 Tenn. 489, 404 S.W.2d 490 (1966); Horne v. Superior Life Insurance Co., 203 Va. 282, 123 S.E.2d 401 (1962); Booth v. Fireman's Fund Insurance Co., 197 So.2d 352 (La.App.2d Circuit 1967); Dudley, Uninsured Motorist Problems, 33 Tex. Bar Jour. 356 (May, 1970); Comment, 48 Calif. Law Rev. 516 (1960).[7]

Another reason advanced why the two-year statute on negligence actions should not apply is that such statute is a procedural defense which is personal to the tortfeasor. In 7 Blashfield, Automobile Law and Practice, Section 274.9, pp. 73–74 (3d ed. 1966), it is said: "Generally, in order for an insured to prevail against the insurance company under an uninsured motorist policy endorsement, he must establish the occurrence of an accident involving an uninsured motorist and liability of the uninsured motorist to him. The insurance company, on its part, may assert, as defenses to a claim under such policy coverage, the nonnegligence of the uninsured motorist, the insured's contributory negligence, and lack of damage; but the insurance company does not succeed to the uninsured motorist's procedural defense of

spite the contractual nature of the agreement between the insurer and the insured, the suit is essentially one for the tort *allegedly committed by the uninsured motorist*, and the resulting injury. Thus, as no liability could be imposed upon the insurer in an action under the policy unless all the elements of a tort action are established, the limitation period applying to tort actions should control. The contrary argument has been made, however, *and generally accepted by the courts*, that despite the necessity that the insured establish that a tort was committed by the uninsured motorist, and that injury resulted, the action is nevertheless one based upon the insurance contract, on which the liability of the insurer depends, and that the contract limitation period therefore controls." 28 A.L.R.3d at 584–585 (Emphasis ours.)

7. "In California, the statute of limitations for actions based on written contracts is four years, and the statute of limitations for negligence actions is one year. Which statute applies to the insured's right of action against the insurer under the uninsured motorist enforcement? * * *

"To this writer, it appears more likely that the *four year contract statute of limitations applies to uninsured motorist claims against the insurer*. The insurer's obligation to the insured arises not from a tort committed by an uninsured motorist, but from the contract of insurance.

"The argument that the insured, by failing to bring an action within one year has destroyed the insurer's right of subrogation and thereby forfeits his *contract rights appears to be without merit*. The insured has no duty to the insurer to bring an action against the uninsured motorist unless so requested by the insurer. Under the terms of the coverage, the insurer as well as the insured is entitled *to initiate an action against the uninsured motorist*. Therefore, the insurer itself has permitted its subrogation claim to be destroyed if it has failed to file an action within the one year period of the statute of limitations. Since often the insured will not think it necessary to bring an action against the uninsured motorist because of the existence of uninsured motorist coverage, it would not be fair to allow an insurer to take refuge in the tort statute of limitations after the insured has been lulled into a false sense of security by reason of the coverage itself.

"The argument that after the statute of limitations has run on the tort claim the insured is no longer legally entitled to recover damages from the uninsured motorist and hence no longer has a valid claim under his uninsured motorist coverage is not persuasive. Although uninsured motorist insurance insures only for sums which the insured shall be legally entitled to recover from the uninsured motorist, a reasonable construction of the language of section 11580.2(a) [Calif.Ins. Code] and the Standard Form leads to *the conclusion that the coverage applies to sums legally recoverable from the uninsured motorist immediately following the accident and continues to apply even after the insured's remedy in tort is barred*. Furthermore, even after the tort statute of limitations has run, the insured has a legal *right* to recover damages from the tortfeasor. The statute of limitations, although barring his *remedy* in tort, leaves unimpaired his alternate remedy against the insurer in contract." Comment, 48 Calif.Law Rev. at 531–532.

the statute of limitations." See also Booth v. Fireman's Fund Insurance Co., supra; 12 Couch on Insurance 2d, Section 45:627, Defenses Available to Insurer, pp. 571–572.[8]

■ We have concluded that the weight of authority is also the better reasoned authority, and we hold that the four-year statute of limitations pertaining to written contracts (Article 5527[1]) is applicable here. The trial court erred in granting summary judgment as to plaintiffs' claim for personal injuries suffered by Raul C. Franco.

### Claim Under the Wrongful Death Statute

By a counterpoint defendant asserts that even if the court is of the opinion that the four-year statute of limitations is applicable to uninsured motorist suits generally, the trial court was still correct in granting a summary judgment on the wrongful death action asserted for the death of Rose Marie Franco because this wrongful death action is barred by Article 5526(7).[9] On the other hand, plaintiffs assert that in a wrongful death action under uninsured motorist coverage, even if the court is of the opinion that the two-year statute of limitations is applicable, Article 5538 operates to suspend the running of such limitation for up to one year after the death, if no administrator or executor has sooner qualified. (See Footnote No. 4.)

Article 5526(7) provides a two-year period of limitation for the commencement of wrongful death actions in this state. Francis v. Herrin Transportation Co., 432 S.W.2d 710 (Tex.1968).

■ It is defendant's contention that since a cause of action for wrongful death

did not exist at common law, and the cause of action has been created by statute, Subdivision 7 of Article 5526 limits the time in which a wrongful death action can be brought, and is a matter of substantive law, not procedural or pertaining to remedy only. The question presented by defendant's third counterpoint is whether this limitation is merely a procedural qualification affecting only the remedy, or whether it is a substantive qualification affecting the very existence of the cause of action itself. Our Supreme Court in State of California v. Copus, 158 Tex. 196, 309 S. W.2d 227, 231 (1958), stated: ". . . where the statute creates a right and also incorporates a limitation upon the time within which the suit is to be brought, the limitation qualifies the right so that it becomes a part of the substantive law rather than procedural, and that unless suit is brought within the time allowed by statute no right of action can be maintained even though the law of the forum provides for a longer period of limitation."

The majority of jurisdictions and the weight of authority hold that limitations on wrongful death actions are considered to be a substantive law condition which must be strictly complied with in order to preserve the existence of the cause of action. In an annotation in 67 A.L.R. 1070, it is said:

"In a majority of the jurisdictions it is held that provisions in statutes authorizing actions for wrongful death, which limit the time within which the actions shall be brought, are not properly statutes of limitations as that term is generally understood, but they are qualifications and conditions restricting the rights granted by the statutes, and must be strictly complied with; and that no explanation as to why actions were not

8. "An insurer may assert as defenses to a claim under uninsured motorist coverage the nonnegligence of the uninsured, the contributory negligence of the insured, and the lack of damage to the insured, but it does not succeed to the right of the uninsured motorist to interpose the pro-

cedural defense of the statute of limitations."

9. Subdivision 7 of Article 5526 is a specific statute pertaining to wrongful death actions.

brought within the time limit will prevent the operation of such a provision of the statutes unless the statutes themselves contain a saving clause."

In 22 Am.Jur.2d, Death, Section 35, p. 633, it is stated:

"If the statute that authorizes the wrongful death action requires that it be brought within a certain time, this requirement is often treated as a condition to the right to maintain the action, and not as a technical statute of limitations. As sometimes expressed, the requirement that an action for wrongful death be instituted within a specified period is an integral part of the right in the nature of a condition precedent. One court, in speaking of the wrongful death statute, has said that a statute that in itself creates a new liability and gives an action to enforce it unknown to the common law and fixes the time within which that action may be commenced is not a statute of limitations, but a statute of creation. The statute, in fixing the time for commencement of the action, sets up an indispensable condition of the liability of the action that it permits."

See also Gaston v. B. F. Walker, Inc., 400 F.2d 671 (5th Circuit 1968); Sykes v. Fireman's Fund Insurance Co., 269 F.Supp. 229 (S.D.Florida 1967); 25A C.J.S. Death § 53, p. 737 et seq.; Anno.: 132 A.L.R. 292; Theroux v. Northern Pacific R. Co., 64 F. 84 (8th Circuit 1894).[10]

◼ With regard to plaintiffs' contention that the running of the two-year statute on the wrongful death claim has been tolled by Article 5538 (See Footnote No. 4), it is clear from the reading of the statute that it only applies to the cause of action which Rose Marie Franco had, that is, a cause of action under the survival statute;[11] and that Article 5538 only tolls a cause of action possessed by the decedent prior to her death, which cause of action may survive to the heirs or legal representatives of the decedent. It does not act to toll a wrongful death act cause of action, since the wrongful death action is possessed by the survivor and not by the deceased. It is clear that in the portion of the claim herein being discussed, plaintiffs sued for their injuries under the wrongful death act. In our opinion, Article 5538 has no application to the wrongful death claim.

It is undisputed that plaintiffs' suit was filed more than two years after the death of Rose Marie Franco. The trial court was correct in granting summary judgment for defendant as to the claim of plaintiffs under the wrongful death statute. Defendant's third counterpoint is sustained.

We reverse the judgment below as to all claims, except the one for wrongful death. It is accordingly ordered that the claim asserted by plaintiffs under the wrongful death act because of the death of Rose Marie Franco be, and it is hereby, severed; and as to this claim and cause of action the judgment of the trial court is affirmed; and that as to the remainder of the cause, the judgment of the trial court is reversed and remanded to the trial court for a trial on the merits.

The costs of this appeal are taxed one half against plaintiffs, and one half against defendant.

---

10. ". . . when a statute creates a new legal liability with the right to sue for its enforcement within a given period, and not afterwards, the time within which the suit must be brought operates as a limitation of the liability, and not merely as a limitation of the remedy." 64 F. at 86.

11. "Two separate and distinct causes of action may arise where injuries wrongfully inflicted result in death. One is the common law action for damages sustained by the decedent and his estate as a result of the injuries. This is the cause of action which survives to the heirs or legal representatives under the provisions of Art. 5525. The other right of action is conferred by Articles 4671 et seq. upon the surviving husband, wife, child and parents of the decedent." Landers v. B. F. Goodrich Co., 369 S.W.2d 33, 35 (Tex.1963).

CADENA, Justice (dissenting).

I would reverse the entire judgment.

In concluding that the cause of action of appellants for the wrongful death of their child cannot be maintained because the suit to recover for such death was commenced more than two years after the cause of action accrued, the majority relies on the rule that where a statute creates a cause of action unknown to the common law and also ". . . incorporates a limitation upon the time within which the suit is to be brought, the limitation qualifies the right so that it becomes a part of the substantive law rather than procedural . . . ." California v. Copus, 158 Tex. 196, 309 S. W.2d 227, 231 (1958).

By its very terms, that rule is applicable only where the limitation upon the time within which suit must be commenced is incorporated in the same statute which creates the right of action. That is not the case here. The right of action is created by Article 4671, Tex.Rev.Civ.Stat.Ann., while the time limitation is found in Article 5526, Tex.Rev.Civ.Stat.Ann., which is a general run-of-the-mill statute of limitations. The statute creating the right was enacted in 1860. Tex.Laws 1860, ch. 35, 4 Gammel, Laws of Texas 1394 (1898). The statute prescribing the time within which suit must be commenced was enacted 37 years later. Tex.Laws 1897, ch. 14, 4 Gammel, Laws of Texas 1066 (1898).

Where the period applicable to an action for wrongful death is found in a general statute of limitations, it is generally conceded that the provision is an ordinary statute of limitations and is a part of the procedural, rather than the substantive, law. Anno.: 132 A.L.R. 292, 310–311 (1941). Since the rule relied on by the majority is not susceptible to persuasive defense and apparently rests on the traditional judicial hostility to what was regarded as legislative meddling with the common law, I see no reason to extend it to cases to which it is not, by its own terms, applicable.