B. WALTON BROWN, ADMINISTRATOR OF THE ESTATE OF RONALD WILSON WALKER v. LUMBERMENS MUTUAL CASUALTY COMPANY

No. 48

(Filed 15 May 1974)

**Insurance § 69— uninsured motorist provision — wrongful death claim barred by statute of limitation — no recovery under contract provision**

The two-year statute of limitations applicable to tort claims for wrongful death and not the three-year limitation on actions on contracts applied to bar plaintiff's claim under an uninsured motorist endorsement on a policy issued by defendant, since defendant, in undertaking "to pay all sums which the insured or his legal representative shall be legally entitled to recover . . . ," assumed liability only for damages for which plaintiff could recover judgment in a court of law in an action against the uninsured motorist.

ON *certiorari* to review the decision of the Court of Appeals, 19 N.C. App. 391, 199 S.E. 2d 42 (1973), affirming the judgment of *Godwin, S.J.*, entered at the 9 April 1973 Session of the Superior Court of RANDOLPH, docketed and argued in the Supreme Court as Case No. 103 at the Fall Term 1973.

The following facts are established by allegations in the complaint and admissions in the answer:

Plaintiff's intestate died on 26 April 1969 from injuries received when the Chevrolet automobile he was operating left

the road on a curve and overturned. At the time of the upset the Chevrolet, which belonged to intestate's mother, was covered by a motor vehicle liability policy issued by defendant under the provisions of G.S. 20-279.21. This policy contained the standard North Carolina uninsured motorist endorsement whereby defendant agreed "to pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of: (a) bodily injury, sickness or disease, including death resulting therefrom . . . sustained by the insured; . . . ." The term "uninsured automobile" includes a hit-and-run automobile as defined in the policy.

On 25 April 1972 plaintiff instituted this action to recover from defendant the sum of $10,000.00, the policy limit for the death of one insured. Plaintiff alleged that his intestate's death was caused by the negligence of an unknown motorist, who approached the Chevrolet from the rear and collided with it in an attempt to pass the vehicle in the curve; that the unknown driver did not stop after the collision, and his identity is unascertainable.

Defendant, answering the complaint, pled five defenses. The only one pertinent to this appeal is the first:

"(1) This suit was instituted more than two years after the death of intestate and is therefore barred by the statute of limitations." G.S. 1-53(4).

After having filed its answer defendant moved for summary judgment pursuant to G.S. 1A-1, Rule 56, upon the ground that the action, having been commenced more than two years after intestate's death, is barred by the statute of limitations. Judge Godwin allowed the motion and entered summary judgment that plaintiff recover nothing of defendant. Plaintiff appealed to the Court of Appeals, which affirmed the judgment dismissing plaintiff's action. Upon plaintiff's petition we allowed certiorari.

*Ottway Burton for plaintiff appellant.*

*Henson, Donahue & Elrod for defendant appellee.*

*Robert Morgan, Attorney General and Charles A. Lloyd, Assistant Attorney General for John Randolph Ingram Commissioner of Insurance, Amicus Curiae.*

SHARP, Justice.

This appeal presents one question: Is an action against an insurer, brought under the uninsured motorist insurance endorsement to an automobile liability insurance policy to recover damages for a death caused by the wrongful act of an uninsured motorist, subject to the two-year statute of limitations prescribed for the commencement of the tort action for wrongful death, G.S. 1-53 (4), or the three-year limitation prescribed for actions on contract, G.S. 1-52 (1) ?

Neither the statute relating to uninsured motorist insurance nor the policy endorsement specifies the period of time within which such an action must be commenced. Whether that period is fixed by the statute of limitations governing actions on contract or the applicable wrongful death statute is a question which has not heretofore been presented to this Court, and it has not been decided in most jurisdictions. Thus far, California seems to be the only state to have clarified the problem by legislation which specifies a statute of limitations against the insured under the uninsured motorist coverage. Widiss, A Guide to Uninsured Motorist Coverage, § 2.25 (1969). *See Id.,* 1973 Supplement.

To answer the question presented, this Court must construe the phrase "legally entitled to recover," which appears in defendant's undertaking. Were the defendant in this action the motorist whose wrong allegedly caused intestate's death, his plea of the two-year statute of limitations would be an absolute defense, clearly entitling him to summary judgment dismissing the action.

Plaintiff's arguments that the three-year contract limitation is applicable to this action are the following:

(1) The two-year period now prescribed for the commencement of a wrongful death action is not a condition precedent annexed to the cause of action as was the one-year limitation specified in G.S. 28-173 prior to its amendment in 1951. It is a statute of limitations. *(See Country Mutual Insurance Co. v. National Bank of Decatur,* 109 Ill. App. 2d 133, 248 N.E. 2d 299 (1969), and *Franco v. Allstate Insurance Company,* 496 S.W. 2d 150 (1973), for a discussion of this situation.) The lapse of two years, therefore, does not discharge the defendant's liability or affect its legal obligation to pay pursuant to its contract; it merely bars recovery when properly pleaded. *Williams v. Thompson,* 227 N.C. 166, 41 S.E. 2d 359 (1947).

(2) The phrase "legally entitled to recover" denotes fault and means only that plaintiff must be able to establish negligence on the part of the uninsured motorist which proximately caused the death of plaintiff's intestate. Since defendant remains "legally liable," damages may be recovered against it in a suit on its policy endorsement instituted within three years of intestate's death.

(3) Even though the uninsured motorist's tortious conduct gives rise to plaintiff's rights under the policy, plaintiff's claim against defendant is based upon the insurance contract; therefore, the three-year contract limitation should apply.

(4) The intent of uninsured motorist endorsement, namely, to afford protection to innocent victims of uninsured motorists, should resolve the issue in favor of the longer statute of limitations. Notwithstanding the necessity that the insured establish the tort liability of the uninsured motorist, defendant's obligation to plaintiff arises from its contract of insurance and coverage may reasonably be construed to continue even after the insured's remedy in tort is barred. (See 48 Calif. L. Rev. 516, 531 (1960).)

Defendant's arguments that the two-year statute of limitations specifically governing actions for wrongful death is applicable are summarized as follows:

(1) The right of action for wrongful death is created by G.S. 28-173. To establish his right to recover from defendant insurer plaintiff must prove that the tortious conduct of an uninsured motorist proximately caused his intestate's death. Thus, albeit plaintiff's right to proceed against defendant derives from the policy endorsement, this is actually a tort action in which the insurer is a substitute defendant for the uninsured motorist, its liability being dependent upon his.

(2) The purpose of the uninsured motorist endorsement is to put an insured (or his personal representative) who is the innocent victim of the negligence of an uninsured motorist, in the same position as one who has been injured by the negligence of an insured motorist. There is no reason why an insured should have a greater length of time to proceed against his insurance company than he had against the tort-feasor who injured him.

(3) Having waited more than two years to institute his action for wrongful death, upon defendant's plea of the applica-

ble statute, G.S. 1-53(4), plaintiff was no longer "legally entitled to recover" from the uninsured motorist.

(4) The application of the three-year contract statute of limitations could extinguish the insurer's right of subrogation against a known uninsured motorist. Where the right to subrogation exists "and where the uninsured motorist's identity is known, suit against the insurer after the tort statute of limitations has run would in effect make the insurance company the liability insurer of the uninsured motorist. . . . This situation could foster collusion between the uninsured motorist and the insured in that the insured could delay maintaining his claim until after the tort statute of limitations had run. This would bar any recourse against the uninsured motorist for his negligence, since the tort statute of limitations would bar the claim against the uninsured motorist." Cox, Uninsured Motorist Coverage, 34 Mo. L. Rev., 1, 36 (1969). But see 14 U. of Fla. L. Rev. 455, 472 (1962) ; 48 Calif. L. Rev. 516, 531 (1960). (Since the theory of plaintiff's case is that the death of his intestate was caused by the negligence of an unknown hit-and-run driver, the contention that to apply the three-year contract limitation would bar defendant's claim against the uninsured motorist has no relevancy here.)

The argument generally accepted by the courts of last resort which have considered the question is that "despite the necessity that the insured establish that a tort was committed by the uninsured motorist, and that injury resulted, the action is nevertheless one based upon the insurance contract, on which the liability of the insurer depends, and that the contract limitation period therefore controls." Annot., 28 A.L.R. 3d 580, 584-585 (1969) ; Widiss, A Guide to Uninsured Motorist Coverage § 2.25 (1969 and 1973 Supp.) Our research has produced the following decisions by courts of last resort which support this view:

*Schlief v. Harware Dealer's Mutual Fire Insurance Company*, 218 Tenn. 489, 404 S.W. 2d 490 (1966) ; *Deluca v. Motor Vehicle Accident Indemnification Corp.*, 17 N.Y. 2d 76, 215 N.E. 2d 482 (1966) ; *Booth v. Fireman's Fund Insurance Company*, 253 La. 521, 218 So. 2d 580 (1968) ; *Sahloff v. Western Casualty and Surety Co.*, 45 Wis. 2d 60, 171 N.W. 2d 914 (1969) ; *Turlay v. Farmer's Insurance Exchange*, 259 Ore. 612, 488 P. 2d 406 (1971) ; *Pickering v. American Employers Insurance Co.*, 109 R.I. 143, 282 A. 2d 584 (1971).

*See also* the following cases from trial and intermediate appellate courts:

*Hartford Accident & Indemnity Co. v. Mason,* 210 So. 2d 474 (Fla. App. 1968) ; *Schultz v. Allstate Insurance Co.,* 17 Ohio Misc. 83, 244 N.E. 2d 546 (Court of Common Pleas for Franklin County (1968) ) ; *Breen v. New Jersey Manufacturers Indemnity Insurance Co.,* 105 N. J. Super. 302, 252 A. 2d 49 (1969) ; *Hartford Accident and Indemnity Co. v. Holada,* 127 Ill. App. 2d 472, 262 N.E. 2d 359 (1970) ; *Witkowski v. Covenant Security Insurance Co.,* 1 Ill. App. 3d 1074, 275 N.E. 2d 709 (1971) ; *Detroit Automobile Inter-Ins. Exch. v. Hafendorfer,* 38 Mich. App. 709, 197 N.W. 2d 155 (1972) ; *Franco v. Allstate Insurance Co.,* 496 S.W. 2d 150 (Court of Civil Appeals of Texas (1973) ).

We note that in some of the jurisdictions cited above, a great disparity exists between contract and tort limitations. No such disproportion exists in this State, where the period of limitation governing actions upon contract and for injuries to the person not arising on contract are both three years. As heretofore noted, the limitation for wrongful death actions is two years.

The decision of the Court of Appeals of New York in *Deluca v. Motor Vehicle Accident Indemnification Corporation, supra,* was a four-to-three decision in which Chief Judge Desmond, writing for the dissenting judges, said:

"The holding that the six-year limitation is available to respondent because this is an 'action on a contract' . . . is correct if, forgetting all else, we consider only the circumstance that respondent's right to recover from MVAIC is expressed in a rider to an insurance policy. But the result (six years instead of three for beginning a litigation for personal injuries) is so obviously unreasonable and unintended that we should look at the larger picture. The whole concept of MVAIC was a legislative creation intended to secure to injured persons like these the same protection (subject to dollar limits) they would have had as to their tort-feasor had their injuries been caused by insured cars or drivers who did not hit and run. . . . The policy rider here sued upon was a mere instrumentality for carrying out the legislative mandate and so it is legislative intent we should be looking for. To say in these days of struggle against litigation delays that the Legislature for no discoverable reason gave this class of claimants three years longer to commence

suit than they would have had to sue in the more usual situation is to ascribe to the Legislature an incredible purpose." *Id.* at 81-82, 215 N.E. 2d at 485.

We perceive no reason why plaintiff should have three years to sue the insurance company when he had only two in which to sue the individual primarily liable. The insurer has at all times been amenable to suit. Application of the two year statute of limitations governing actions for wrongful death "is consistent with the objective of uninsured motorist coverage of placing the insured in the same position as he would have been had the adverse motorist been insured. If the insured's claim against the tort-feasor is not enforceable, he is not 'legally entitled to recover' damages from the tort-feasor, and should not be allowed recovery under his uninsured motorist coverage." Cox, Uninsured Motorist Coverage, 34 Mo. L. Rev. 1, 37 (1969).

In our view it would indeed constitute "antics with semantics" to say that a litigant with a stale tort claim, one against which the applicable statute of limitations has been specifically pleaded, remains "legally entitled to recover" when his remedy has been taken away! To be "legally entitled to recover damages" a plaintiff must not only have a cause of action but a remedy by which he can reduce his right to damage to judgment. Today, "it is the consensus of the authorities that the defense of the statute of limitations stands upon the same place as any other legal defense." 51 Am. Jur. 2d, *Limitations of Actions,* §§ 3, 5 (1970). In this jurisdiction a plea of the statute of limitations is a plea in bar "sufficient to destroy the plaintiff's action." When established by proof, it defeats and destroys the action altogether. *Bank v. Evans,* 191 N.C. 535, 538, 132 S.E. 563, 564 (1926). *See Lithographic Co. v. Mills,* 222 N.C. 516, 23 S.E. 2d 913 (1943); *Poultry Co. v. Oil Co.,* 272 N.C. 16, 157 S.E. 2d 693 (1967).

Plaintiff's right to recover against his intestate's insurer under the uninsured motorist endorsement is derivative and conditional. Unless he is "legally entitled to recover damages" for the wrongful death of his intestate from the uninsured motorist the contract upon which he sues precludes him from recovering against defendant. It is manifest, therefore, that despite the contractual relation between plaintiff insured and defendant insurer, this action is actually one for the tort allegedly committed by the uninsured motorist. Any defense available to the uninsured tort-feasor should be available to the insurer. The

argument that a plea of the statute of limitations is personal to the tort-feasor and not available to the insurance company flies in the face of the policy.

With all deference to the six courts of last resort and the seven lower courts which have taken the opposite view, it is our opinion that when defendant undertook "to pay all sums which the insured or his legal representatives shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of (a) bodily injury, sickness or disease, including death resulting therefrom. . . . " it assumed liability *only* for damages for which plaintiff could recover judgment in a court of law in an action against the uninsured motorist. At the time this action was instituted plaintiff could have recovered no damages from the hit-and-run motorist because his action was barred by the statute of limitations. We hold, therefore, as did the Court of Appeals, that at the time this action was instituted plaintiff's claim against defendant was no longer within the coverage provided by the defendant's policy endorsement. The decision of the Court of Appeals is

Affirmed.