## BILL REESE *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

[No. 95, September Term, 1978.]

*Decided July 24, 1979.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE and DAVIDSON, JJ.

*Paul A. Gibbons,* with whom were *Fine & Klauber, P.A.* on the brief, for appellant.

*Robert K. Nead* for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

This case involves the nature of an automobile insurance company's liability to its insured under the statutorily required uninsured motorist endorsement, Maryland Code (1957, 1972 Repl. Vol., 1978 Cum. Supp.), Art. 48A, § 541 (c).

The plaintiff, Bill Reese, filed this action in the Superior Court of Baltimore City against State Farm Mutual

Automobile Insurance Company which had issued an automobile insurance policy to Mr. Reese. In his declaration, Mr. Reese alleged that on or about April 24, 1977, he was carefully operating his motor vehicle, insured by the defendant, in Danville, Virginia, when it was struck by another vehicle owned by Robert Williams and driven by an unidentified individual acting as Williams's employee. The declaration went on to set forth detailed factual allegations of negligence by the driver of the Williams vehicle, and the alleged injuries and damages suffered by Reese as a result of the alleged negligent driving. It was further asserted that the party legally responsible for Reese's damages, Williams, was uninsured at the time of the accident. Finally, it was alleged that the defendant had denied coverage under the uninsured motorist endorsement of the policy issued to Reese, and that such action amounted to a breach of the insurance contract.

The defendant State Farm filed a motion raising preliminary objection under Maryland Rule 323 a. The motion was premised upon the defendant's theory that the action really sounded in tort because Reese was seeking to recover damages resulting from the negligent operation of a motor vehicle in Virginia. State Farm asserted in the motion (1) that Robert Williams, as the person responsible for the accident under principles of respondeat superior, must be joined as a party to the suit, (2) that jurisdiction and venue was in Virginia where Williams resided and the accident took place, and (3) that, as a condition precedent for suing State Farm under the uninsured motorist endorsement, the plaintiff Reese was first required to recover a judgment against Williams.

Reese responded to State Farm's motion by arguing that the action was in contract rather than tort, that under the statute providing for uninsured motorist endorsements and the insurance policy it was not necessary for the insured to join the uninsured negligent motorist as a party or first recover a judgment against the uninsured motorist, and that proper venue for the breach of contract action was in

Maryland where the contract was executed and was to be performed.

The trial judge granted the motion raising preliminary objection, and judgment for the defendant for costs was entered. The plaintiff Reese then took an appeal to the Court of Special Appeals. Because the issues had not previously been dealt with by this Court, although they have been the subject of several cases in other states, we issued a writ of certiorari before any proceedings in the Court of Special Appeals. Being of the view that State Farm's position is inconsistent with the nature of the uninsured motorist endorsement as mandated by the statute, we shall reverse.

Code (1957, 1972 Repl. Vol., 1978 Cum. Supp.), Art. 48A, § 541 (c), provides:

> "(c) *Uninsured motorist coverage.* — In addition to any other coverage required by this subtitle, every policy of motor vehicle liability insurance issued, sold, or delivered in this State after July 1, 1975 shall contain coverage, in at least the amounts required under Title 17 of the Transportation Article, for damages which the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in an accident arising out of the ownership, maintenance, or use of such uninsured motor vehicle. The coverage required under this subsection (c) shall be in such form and subject to such conditions as may be approved by the Commissioner of Insurance. Any provision in any policy of motor vehicle liability insurance issued after July 1, 1975, with respect to the coverage provided for damages sustained by the insured as a result of the operation of an uninsured motor vehicle, which commands or requires the submission of any dispute between the insured and the insurer to binding arbitration, is prohibited and shall be of no legal force or effect. In no case shall the uninsured motorist coverage be less than the coverage afforded a qualified person under Article

48A §§ 243H and 243-I. The coverage required under this subsection shall be primary to any right to recover from the Maryland Automobile Insurance Fund pursuant to § 243H of this article."

The language of the policy is substantially identical to that of the statute, obligating State Farm "[t]o pay all sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of" bodily injury or injury to the covered vehicle.[1]

In reiterating the contentions made below, State Farm begins in this Court by again asserting that the "declaration sought recovery in tort." State Farm then relies upon cases holding that an injured plaintiff may not, absent statutory authorization, bring a direct action against the alleged tortfeasor's insurance carrier until there has been a determination of the alleged tortfeasor's liability. *See Gorman v. St. Paul Fire Ins. Co.,* 210 Md. 1, 121 A. 2d 812 (1956); *Magalski v. Maryland Cas. Company,* 21 Md. App. 136, 318 A. 2d 843, *cert. denied,* 272 Md. 745 (1974).

The principal flaw in State Farm's position, including its reliance upon the above-cited cases, is that this is neither a tort action nor an action by an asserted third party beneficiary of an insurance policy. Instead, this is a breach of contract action by the insured against his own insurer. Under the statutorily required coverage, the defendant has directly promised to pay the insured plaintiff under certain conditions. Because it is a promise by the insurer to pay its own insured, rather than a promise to its insured to pay some third party, the uninsured motorist coverage is in insurance parlance "first party coverage" like collision, comprehensive, medical payments or personal injury protection, and not "third party coverage" such as personal injury or property damage liability insurance. A suit based upon the insured's

---

1. The policy goes on to contain other clauses which, arguably, reinforce the plaintiff's position in this case. However, with regard to insurance coverage required by statute, the provisions of the statute control to the extent of any discrepancy between the statute and a particular policy. State Farm Mut. v. Ins. Com'r, 283 Md. 663, 671 n. 2, 392 A. 2d 1114, 1118 n. 2 (1978); Peninsula Insurance v. Houser, 248 Md. 714, 721, 238 A. 2d 95 (1968). Because of this, we rest our decision in this case upon the statute rather than the particular clauses of the policy here involved.

allegations that he is entitled to payment under one of the first party coverage clauses in the contract he entered into with his insurance carrier, and that the carrier has refused payment thereby breaching its promise, is clearly a contract action. This view is in accord with other cases throughout the country which have held that actions by insureds against their insurers, under uninsured motorist endorsements similar to that prescribed by the Maryland statute, are contract actions and thus are governed by the principles and procedures applicable to contract actions generally. *See, e.g., Transnational Insurance Co. v. Simmons,* 19 Ariz.App. 354, 507 P. 2d 693 (1973); *Hartford Accident & Indem. Co. v. Mason,* 210 So.2d 474 (Fla.App. 1968); *Booth v. Fireman's Fund Insurance Company,* 253 La. 521, 218 So.2d 580, 584 (1969); *Detroit Auto. Inter-Insurance Exch. v. Hafendorfer,* 38 Mich.App. 709, 197 N.W.2d 155, 160 (1972); *Hill v. Seaboard Fire & Marine Cas. Co.,* 374 S.W.2d 606 (Mo.App. 1963); *DeLuca v. Motor Vehicle Accident Indem. Corp.,* 17 N.Y.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482 (1966); *Schulz v. Allstate Ins. Co.,* 17 Ohio Misc. 83, 244 N.E.2d 546 (1968); *Turlay v. Farmers Ins. Exch.,* 259 Or. 612, 488 P. 2d 406 (1971); *Sahloff v. Western Casualty & Surety Company,* 45 Wis.2d 60, 171 N.W.2d 914, 917 (1969).

Since this is a contract action rather than a tort action against the alleged tortfeasor Williams, and since nothing in the statutorily mandated contract coverage requires that the alleged tortfeasor be made a party, the action was properly brought in Maryland against State Farm alone. State Farm's interrelated objections, based upon the failure to join Williams and alleged improper venue, lack merit.

State Farm's principal contention is that, as a condition precedent to the insurer's liability under the uninsured motorist endorsement, the plaintiff must first bring suit and recover a judgment against the uninsured motorist. State Farm in oral argument goes so far as to assert that even in "hit-and-run" cases or other situations where the uninsured motorists cannot be located, there can be no recovery under the endorsement because of the absence of a judgment against the uninsured motorist.

The provision of the Maryland statute specifying the basic coverage of the uninsured motorist endorsement is standard language, similar to the language in statutes or insurance policies that have been considered by courts throughout the country. The overwhelming majority of courts have held that under this language, it is not necessary for the insured to bring suit and recover against the uninsured motorist. He has the option of bringing a contract action against his insurer or a tort action against the uninsured motorist. *See, e.g., State Farm Mutual Automobile Ins. Co., Inc. v. Griffin,* 51 Ala.App. 426, 286 So.2d 302, 305 (1973); *Transnational Ins. Co. v. Simmons, supra; Hartford Accident & Indem. Co. v. Warren,* 246 Ark. 323, 438 S.W.2d 31 (1969); *Indiana Ins. Co. v. Noble,* 148 Ind. App. 297, 265 N.E.2d 419, 432 (1970); *Winner v. Ratzlaff,* 211 Kan. 59, 505 P. 2d 606 (1973); *Puckett v. Liberty Mut. Ins. Co.,* 477 S.W.2d 811 (Ky.App. 1972); *Booth v. Fireman's Fund Insurance Company, supra; Harthcock v. State Farm Mut. Auto. Ins. Co.,* 248 So.2d 456 (Miss. 1971); *Hill v. Seaboard Fire & Marine Cas. Ins. Co., supra; Selected Risks Ins. Co. v. Dierolf,* 138 N.J.Super. 287, 350 A. 2d 526 (1975); *Travelers Indemnity Co. v. Debose,* 226 N.Y.S.2d 16 (1962); *Wright v. Fidelity and Cas. Co. of New York,* 270 N.C. 577, 155 S.E.2d 100, 105, 107 (1967); *Associated Indem. Corp. v. Cannon,* 536 P. 2d 920 (Okl. 1975); *Sahloff v. Western Casualty & Surety Company, supra.*[2]

We agree with the majority of our sister jurisdictions that an insured need not, as a condition for recovery against his insurer under the uninsured motorist endorsement, sue and obtain a judgment against the uninsured tortfeasor. This view, we believe, is compelled by the language of the statute.

The language of Art. 48A, § 541 (c), which is relevant to this issue is as follows:

"... [E]very policy of motor vehicle liability

---

2. A minority view, taking the position that the insured must obtain a judgment against the uninsured tortfeasor before suing his insurer, prevails in a few states. State Farm Mut. Auto. Ins. Co. v. Girtman, 113 Ga.App. 54, 147 S.E.2d 364 (1966); Laird v. Nationwide Ins. Co., 243 S.C. 388, 134 S.E.2d 206 (1964); Glover v. Tennessee Farmers Mut. Ins. Co., 225 Tenn. 306, 468 S.W.2d 727 (1971); Rodgers v. Danko, 204 Va. 140, 129 S.E.2d 828 (1963).

insurance ... shall contain coverage ... for damages which the insured is entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injuries sustained in an accident arising out of the ownership, maintenance, or use of such uninsured motor vehicle. ..."

There is no requirement in the above-quoted language that the insured obtain a judgment or bring an action or even attempt to bring an action against the uninsured motorist. However, where the Legislature elsewhere in the Insurance Code does contemplate this type of requirement, it has expressly so stated. Compare, *e.g.,* Art. 48A, § 243H (a) (2) (iii), requiring as a condition for certain types of claims to be made against the Maryland Automobile Insurance Fund that the "claimant has instituted a cause of action against the operator or owner, or both, of the motor vehicle ... and service of process in the cause of action has twice been returned non est." If the General Assembly had also wanted a claimant to institute a cause of action against the uninsured motorist in order to recover from his insurer under § 541 (c), presumably it would have spelled out such a requirement.

The critical coverage language of § 541 (c) is "for damages which the insured is entitled to recover from the owner ... of an uninsured motor vehicle." By speaking in terms of *entitlement* to recover damages rather than having recovered damages, it would seem that the Legislature was negating any requirement that the insured first obtain a judgment against the uninsured motorist. This language has been viewed by many courts as not requiring an action by the insured against the tortfeasor. For example, the Supreme Court of Kansas explained in *Winner v. Ratzlaff, supra,* 505 P. 2d at 610:

"We construe the words 'legally entitled to recover as damages' to mean simply that the insured must be able to establish fault on the part of the uninsured motorist which gives rise to the damages and to prove the extent of those damages. This would mean that in a direct action against the

insurer the insured has the burden of proving that the other motorist was uninsured, that the other motorist is legally liable for damage to the insured, and the amount of this liability. In resisting the claim the insurer would have available to it, in addition to policy defenses compatible with the statute, the substantive defenses that would have been available to the uninsured motorist such as contributory negligence, etc."

And in *Booth v. Fireman's Fund Insurance Company, supra,* 218 So.2d at 583, the Supreme Court of Louisiana stated:

"We interpret the words 'legally entitled to recover' to mean simply that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages. . . . If it be contended that the phrase 'legally entitled to recover' is ambiguous, the rule that ambiguities in insurance contracts must be construed in favor of the insured would constrain us to reach the same conclusion." [3]

*Accord, e.g., State Farm Mutual Automobile Ins. Co., Inc. v. Griffin, supra,* 286 So.2d at 306; *Selected Risks Ins. Co. v. Dierolf, supra,* 350 A. 2d at 530; *DeLuca v. Motor Vehicle Accident Indem. Corp., supra,* 268 N.Y.S.2d at 292; *Sahloff v. Western Casualty & Surety Company, supra,* 171 N.W.2d at 917.

We are in accord with the reasoning of the above-cited cases, and hold that under Art. 48A, § 541 (c), an insured need not bring an action against the uninsured motorist as a condition to recovery from his insurance carrier.

> *Judgment reversed.*
> *Case remanded to the Superior Court*
> *of Baltimore City for proceedings*
> *not inconsistent with this opinion.*
> *Appellee to pay costs.*

---

3. With regard to the rules for construing insurance policies, *see also* National Grange Mut. Ins. v. Pinkney, 284 Md. 694, 705-706, 399 A. 2d 877 (1979); McKoy v. Aetna Cas. & Sur. Co., 281 Md. 26, 31, 374 A. 2d 1170 (1977).