ABRAMS v. SURETTE

[119 N.C. App. 239 (1995)]

JEFFREY SCOTT ABRAMS AND DIANNE M. ABRAMS v. OSCAR SURRETTE, JR.

No. COA94-921

(Filed 6 June 1995)

**Insurance § 509 (NCI4th); Discovery and Depositions § 69 (NCI4th)— uninsured motorist—failure to answer interrogatories—answer filed by UM insurer—sanctions—striking of motorist's answer prohibited**

The express prohibition against entry of a default judgment against an uninsured motorist in N.C.G.S. § 20-279.21(b)(3)(a) when plaintiff's uninsured motorist carrier has timely filed an answer prohibited the trial court from entering a sanction, pursuant to N.C.G.S. § 1A-1, Rule 37, striking an uninsured motorist's answer and establishing his liability as a matter of law for his failure to comply with court orders to supply answers to plaintiff's interrogatories where plaintiff's uninsured motorist carrier filed an answer as an unnamed defendant denying defendant's negligence and alleging plaintiff's contributory negligence. Such a sanction precluded the insurance carrier from presenting its defenses and was inconsistent with N.C.G.S. § 20-279.21(b)(3)(a).

**Am Jur 2d, Automobile Insurance §§ 293 et seq.; Discovery and Depositions § 390.**

**Applicability of uninsured motorist statutes to self-insurers. 27 ALR4th 1266.**

Appeal by unnamed defendant State Farm Mutual Automobile Insurance Company from order entered 17 May 1994 in Wake County Superior Court by Judge Orlando F. Hudson. Heard in the Court of Appeals 11 May 1995.

*Gregory P. Chocklett for plaintiff-appellees.*

*Law Offices of Douglas F. DeBank, by Douglas F. DeBank, for unnamed defendant-appellant State Farm Mutual Automobile Insurance Company.*

GREENE, Judge.

State Farm Mutual Automobile Insurance Company (State Farm), an unnamed defendant in this action, appeals from the trial court's

order striking the defenses of Oscar Surrette, Jr. (Surrette) and establishing Surrette's liability as a matter of law.

The record reveals that Jeffrey Scott Abrams (Abrams) and Dianne M. Abrams (plaintiffs) sued defendant for personal injuries sustained by Abrams during an automobile accident with defendant. Surrette answered plaintiffs' complaint and alleged contributory negligence. Because plaintiffs believed defendant to be uninsured, plaintiffs also served State Farm, plaintiffs' uninsured motorist insurance carrier, with a civil summons. State Farm also filed an answer, "in its own name, as an unnamed defendant," pursuant to N.C. Gen. Stat. § 20-279.21(b)(3)(a). In State Farm's answer it denied that Surrette was negligent and alleged in the alternative that Abrams was contributorily negligent. Plaintiffs filed a reply alleging that Surrette had the last clear chance, thus contending that any negligence by Abrams would not be a complete bar.

On 7 February 1994, after Surrette failed to provide complete answers to plaintiffs interrogatories, the trial court ordered that "Defendant shall provide full verified answers to Plaintiffs' interrogatories within fifteen days." Subsequently, on 4 April 1994, plaintiffs moved for sanctions against defendant for failure to comply with the trial court's earlier "Order to Compel and Sanctions." After a hearing on this motion, the trial court ordered "[t]hat Defendant's defenses be stricken in this case and that liability is hereby conclusively established against Defendant," as sanctions for failure to comply with his order.

---

The issue is whether the express prohibition against entry of a default judgment in N.C. Gen. Stat. § 20-279.21(b)(3)(a) prohibits a trial court from entering a sanction, pursuant to N.C. Gen. Stat. § 1A-1, Rule 37, establishing an uninsured motorist's liability as a matter of law.

The "North Carolina Motor Vehicle Safety and Financial Responsibility Act of 1953" (the Act) provides that "[n]o default judgment shall be entered when the insurer has timely filed an answer or other pleading as required by law." N.C.G.S. § 20-279.21(b)(3)(a) (1993). Nonetheless, the plaintiffs argue that this language does not prohibit the trial court from using Rule 37 to strike Surrette's answer and establish his liability to plaintiffs for his failure to "provide or permit discovery." N.C.G.S. § 1A-1, Rule 37(b)(2)(c) (1990). We disagree.

The purpose of that portion of Section 20-279.21(b)(3)(a) prohibiting entry of default judgments is to provide the insurer, who has filed a timely answer, an opportunity to defend the complaint without being prejudiced by the conduct of the uninsured motorist who may, and usually does, have absolutely no interest in the law suit. Otherwise, the insurer's liability being derivative, *Brown v. Lumberman's Mut. Casualty Co.*, 285 N.C. 313, 319, 204 S.E.2d 829, 834 (1974), the entry of a default or default judgment, *see* N.C.G.S. § 1A-1, Rule 55 (1990) (distinction between entry of default and default judgment), against the uninsured motorist also establishes the liability of the insurer. *See* N.C.G.S. § 20-279.21(b)(3)(a) (insurer bound by judgment against uninsured motorist). Conduct of an uninsured motorist that can prejudice the insurer, in that it precludes it from presenting any defense, is not limited, as plaintiffs argue, to failing to file a timely answer pursuant to Rule 12(a)(1). Failing to "provide or permit discovery," pursuant to Rule 37, can also result in "an order striking out pleadings" or entry of a "judgment by default." N.C.G.S. § 1A-1, Rule 37(b)(2)(c). In both instances, the liability of the uninsured motorist is established by virtue of his pretrial conduct and not by virtue of a trial in which the insurer had an opportunity to present its defenses.

In this case Surrette, the uninsured motorist, failed to comply with orders of the trial court to supply answers to the plaintiffs' interrogatories and as a consequence Surrette's answer was stricken and "liability conclusively established against" Surrette. This order conclusively establishing Surrette's liability also established State Farm's liability, even though they had filed a timely answer contesting the issue of negligence and alleging the contributory negligence of Abrams. The order thus precluded State Farm from presenting its defenses, is inconsistent with Section 20-279.21(b)(3)(a) and must be reversed.

The trial court, however, is not without other remedies to effectuate compliance with its order to supply discovery. Rule 37 for example permits the trial court to treat the conduct of Surrette as "a contempt of court," N.C.G.S. § 1A-1, Rule 37(b)(2)(d), and to "require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure." N.C.G.S. § 1A-1, Rule 37(b)(2).

Accordingly, the trial court's order is reversed and this case is remanded for entry of new sanctions.

Reversed and remanded.

Judges JOHNSON and MARTIN, JOHN C., concur.