KENYA PAYLOR THOMAS, Plaintiff v. OLANDO ELLIOT WASHINGTON and
DARRELL A. CAMPBELL, Defendants

No. COA99-442

(Filed 7 March 2000)

**1. Statute of Limitations— uninsured motorist coverage—
tort statute of limitations applies**

In an action against an unnamed defendant insurance com-
pany for damages arising out of an automobile accident with an
uninsured motorist, the three-year tort statute of limitations for
automobile negligence actions applies to a claim against an unin-
sured motorist carrier instead of the three-year contract statute
of limitations.

**2. Process and Service— service on insurance company—
strict compliance required**

The trial court did not err in a case arising out of an automo-
bile accident with an uninsured motorist by granting summary
judgment for the unnamed defendant insurance company based
on improper service of process prior to expiration of the three-
year statute of limitations because: (1) plaintiff did not keep her
action alive under N.C.G.S. § 1A-1, Rule 4(d) through the issuance
of a chain of alias or pluries summonses, since both individual
defendants were served personally with the original summons;
(2) plaintiff did not attempt to serve a "copy" of the summons and
complaint on the insurer, as required by the Financial
Responsibility Act; and (3) in addition to the methods of serv-
ice of process on a corporation set out in N.C.G.S. § 1A-1, Rule
4(j)(6), plaintiff could have served the insurance company under
N.C.G.S. § 58-16.30, by delivering a copy of the process to the
Office of the Commissioner of Insurance, or mailing it to the
Commissioner by registered or certified mail, return receipt
requested.

**3. Appeal and Error— preservation of issues—failure to cite
authority**

Although plaintiff contends the trial court erred in consider-
ing the affidavit filed on behalf of the unnamed defendant and
subsequently converting the unnamed defendant's motion to dis-
miss into a hearing on a motion for summary judgment, plaintiff
abandoned this assignment of error under N.C. R. App. P. 28(b)(5)
by failing to cite any authority.

## THOMAS v. WASHINGTON

[136 N.C. App. 750 (2000)]

Appeal by plaintiff from summary judgment entered 22 January 1999 by Judge Sanford L. Steelman, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 12 January 2000.

On 31 March 1995, Kenya Paylor Thomas (plaintiff) was injured in an automobile accident when her vehicle was struck by an uninsured vehicle driven by defendant Olando Elliot Washington and owned by defendant Darrell A. Campbell. At the time of the accident, plaintiff's vehicle was insured by the unnamed defendant North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau). The Farm Bureau policy provided uninsured motorist coverage to plaintiff.

On 2 March 1998, plaintiff instituted this action against the defendants by filing a complaint and having a summons issued for defendants Washington and Campbell. Defendant Washington was personally served with summons and complaint on 10 March 1998 and defendant Campbell was personally served on 16 March 1998. Neither defendant filed an answer. On 25 March 1998, plaintiff issued an alias or pluries summons directed to defendants Washington and Campbell. A second alias or pluries summons was issued on 18 June 1998, again directed to defendants Washington and Campbell. Additional alias or pluries summonses were issued on 19 August 1998, 2 October 1998, 16 November 1998, and 8 December 1998. It does not appear from the record that any of the enumerated alias or pluries summonses were ever delivered to the Sheriff for service, or were served on either defendant.

On 14 August 1998, plaintiff issued a summons directed to "H. Julian Philpott, Jr., Registered Agent for North Carolina Farm Bureau Agency, 5301 Glenwood Avenue, Raleigh, NC 27612." Copies of the summons and complaint were mailed to Mr. Philpott by certified mail, return receipt requested, and were received by him on 17 August 1998. On 21 August 1998, an alias or pluries summons was issued directed to "H. Julian Pilpott [sic], Jr." The 21 August 1998 summons was apparently not delivered to the Sheriff or served in any other fashion, and bears a notation that it was "Retained by Atty."

On 17 September 1998, Farm Bureau filed an answer to the complaint, pleading the three-year statute of limitations in bar, and moving to dismiss the action pursuant to the provisions of Rules 12(b)(4), (5) & (6), for "insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted." Plaintiff then mailed a copy of a summons and complaint by certified mail, return receipt requested, to "H. Julian Philpott, Jr.,

Registered Agent for North Carolina Farm Bureau Agency, 5301 Glenwood Avenue, Raleigh, NC 27612." Mr. Philpott received the mailing on 6 October 1998.

Plaintiff issued yet another alias or pluries summons on 16 November 1998, again directed to H. Julian P[h]ilpott, Jr., as registered agent for "NC Farm Bureau Agency." The record on appeal does not indicate that there was an effort to serve the 16 November 1998 summons. A final alias or pluries summons was issued on 8 December 1998 and directed to "H. Julian Pilpott [sic], Jr., Registered Agent for North Carolina Farm Bureau Mutual Insurance Company." The 8 December 1998 summons was mailed to P[h]ilpott by certified mail, return receipt requested, and was received by him on 10 December 1998. A copy of the 8 December 1998 alias or pluries summons with the complaint attached was also mailed to Gary K. Sue, as the attorney for Farm Bureau.

The trial court heard Farm Bureau's motion to dismiss on 4 January 1999. The trial court considered the affidavit of the litigation supervisor for Farm Bureau and converted the hearing on the motion to dismiss into a hearing on a motion for summary judgment. The trial court entered summary judgment for the unnamed defendant, Farm Bureau, by order filed on 22 January 1999. Plaintiff appealed, assigning error to the grant of summary judgment. In the order settling the record on appeal, the trial court certified pursuant to Rule 54(b) that there was no just cause for delay and that its judgment "should be immediately appealable."

> *Maddox & Gorham, P.A., by Thomas Maddox, Jr., and J. Dale Shepherd, for plaintiff appellant.*

> *Burton & Sue, L.L.P., by Gary K. Sue and Kurt A. Seeber, for the unnamed defendant North Carolina Farm Bureau Mutual Insurance Company appellee.*

HORTON, Judge.

At the time of the accident from which this litigation arose, the plaintiff had a valid policy of automobile liability insurance issued by Farm Bureau. In addition to providing plaintiff with liability coverage, the policy also provided her with uninsured motorist coverage. However, in order for an uninsured motorist carrier to be bound by a judgment against the uninsured motorist, the insurer must be "served with copy of summons, complaint or other process in the action against the uninsured motorist by registered or certified mail, return

receipt requested, or in any manner provided by law . . . ." N.C. Gen. Stat. § 20-279.21(b)(3)(a) (1999). Once the insurer is served, it "shall be a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and may defend the suit in the name of the uninsured motorist or in its own name." *Id.*

Here, the accident in question occurred on 31 March 1995. Thus, the three-year statute of limitations applicable to automobile negligence actions ran on 31 March 1998. Prior to the expiration of the limitations period, plaintiff instituted an action to recover for her personal injuries against the allegedly negligent driver and owner of the uninsured vehicle with which she collided. A summons was properly issued and both individual defendants were personally served with the summons and complaint. The record does not, however, reveal any attempt by plaintiff to serve a copy of the original summons and complaint on Farm Bureau, her uninsured motorist carrier within the statutory time limit. Instead, a series of alias or pluries summonses were issued and directed to the named defendants. Plaintiff states in her brief to this Court that the additional summonses were issued "to keep the action alive and in the event it became necessary to serve the uninsured motorist (UM) carrier."

Eventually, on 14 August 1998, a summons was issued and directed to "H. Julian Philpott, Jr., Registered Agent for North Carolina Farm Bureau Agency," and delivered to Mr. Philpott by certified mail, return receipt requested, on 17 August 1998. As a result of that delivery, the unnamed defendant filed an answer but also pled the statute of limitations in bar and moved to dismiss for insufficiency of process. The affidavit filed by the litigation supervisor for the unnamed defendant states that North Carolina Farm Bureau Agency is not a subsidiary of, nor affiliated with, North Carolina Farm Bureau Mutual Insurance Company. However, it does appear that H. Julian Philpott, Jr., serves as the registered agent for both entities. Process was first served on Mr. Philpott as registered agent for North Carolina Farm Bureau Mutual Insurance Company on 10 December 1998.

[1] Plaintiff contends that, since her action against Farm Bureau arises from a contract of insurance, the three-year tort statute of limitations does not apply. Plaintiff argues that the three-year contract statute of limitations applies, but "the time for the [contract] limitations period to start is either when the UM carrier rejects payment or otherwise breaks the contract or else when the . . . plaintiff knew or,

by the exercise of reasonable diligence, should have known that the tortfeasor was uninsured." Although we have carefully considered plaintiff's arguments, we must disagree, as both our Supreme Court and this Court have rejected the application of a contracts statute of limitations in this situation.

In *Brown v. Casualty Co.*, 285 N.C. 313, 204 S.E.2d 829 (1974), plaintiff sought to recover for the wrongful death of his intestate. Plaintiff did not institute an action against the allegedly uninsured motorist within two years, but did bring his action against the uninsured motorist carrier within three years of the accident. Our Supreme Court held in pertinent part that a plaintiff's right to recover against an insurer under an uninsured motorist endorsement is "derivative and conditional." Thus, said the Court, despite the contractual nature of the relationship between plaintiff and plaintiff's insurer, the "action is actually one for the tort allegedly committed by the uninsured motorist." *Id.* at 319, 204 S.E.2d at 834. The Supreme Court then applied the two-year statute of limitations applicable to wrongful death actions, rather than the three-year contract statute of limitations, and held that as plaintiff did not institute an action against the alleged tortfeasor within two years, his action against the insurer was not commenced in time.

Furthermore, this Court has recently made it clear that the three-year tort statute of limitations, which begins running on the date of an accident, also applies to the uninsured motorist carrier. *Fulton v. Mickle*, 134 N.C. App. 620, 518 S.E.2d 518 (1999) (accident occurred on 24 April 1994, and Court stated plaintiff had three years from that date [24 April 1997] to properly serve insurer).

[2] Plaintiff argues, however, that she kept her action alive through the chain of alias or pluries summonses. Again, we cannot agree. The date an action is commenced becomes crucial when a statute of limitations is pled in bar of the action. Rule 3 of our Rules of Civil Procedure provides that a civil action is commenced when a complaint is filed with the court. N.C. Gen. Stat. § 1A-1, Rule 4(a) then provides that "[u]pon the filing of the complaint, summons shall be issued forthwith, and in any event within five days." To provide for the exigency in which a defendant cannot be served with the summons within the allotted time, Rule 4(d) provides in pertinent part that:

When any defendant in a civil action is not served within the time allowed for service, the action may be continued in exist-

ence as to such defendant by either of the following methods of extension:

. . . .

(2) The plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses . . . .

N.C. Gen. Stat. § 1A-1, Rule 4(d) (1999).

Here, the provisions relating to issuance of alias or pluries summonses did not apply, as both individual defendants were served personally with the original summons. "The Rule 4(d) provisions for an endorsement on the original summons or issuance of an alias or pluries summons *apply only when the original summons was not served*, and their purpose is to keep the action alive until service can be made." *Roshelli v. Sperry*, 57 N.C. App. 305, 307, 291 S.E.2d 355, 356 (1982) (emphasis added).

The Financial Responsibility Act does not expressly require that separate process be issued for an uninsured motorist carrier, but does specifically require that a "copy" of the summons and complaint be served on the insurer. In addition to the methods of service of process on a corporation set out in Rule 4(j)(6), N.C. Gen. Stat. § 58-16.30 provides an alternative manner of service on insurance companies by providing that a copy of the process may be delivered to the Office of the Commissioner of Insurance, or mailed to the Commissioner, registered or certified mail, return receipt requested. Thus, it appears that the unnamed defendant was amenable to service of process at all times pertinent hereto.

Our appellate courts have required strict compliance with the statutes which provide for service of process on insurance companies in similar situations. For example, in *Fulton v. Mickle* this Court held that mailing a copy of the summons and complaint by *regular mail to a claims examiner for the insurer* did not comply with the requirement of Rule 4(j)(6)(c) of the Rules of Civil Procedure that a copy of the summons and complaint be mailed by "registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served . . . ."

[3] Finally, plaintiff argues that the trial court erred in considering the affidavit filed on behalf of the unnamed defendant and subse-

IN THE COURT OF APPEALS

[136 N.C. App. 756 (2000)]

quently converting the hearing on Farm Bureau's motion to dismiss into a hearing on a motion for summary judgment. Plaintiff states that she did not have adequate time to prepare for a hearing on the motion for summary judgment, but does not support her brief argument by "reason or argument . . . or authority cited[;]" thus this assignment of error is deemed abandoned. N.C.R. App. P. 28(b)(5).

We are aware that some of our sister states provide different limitation periods for claims against uninsured motorist carriers. However, we are not writing on a clean slate but are bound by the prior decisions of our Supreme Court and this Court. The judgment of the trial court is

Affirmed.

Judges MARTIN and TIMMONS-GOODSON concur.