STURDIVANT v. ANDREWS

[161 N.C. App. 177 (2003)]

Affirmed.

Judges McCULLOUGH and TYSON concur.

———————

VELVET STURDIVANT, ADMINISTRATRIX OF THE ESTATE OF JACQUELINE ELIZABETH POLK, Plaintiff v. JESSE LEE ANDREWS and LEMONS BACKHOE LOADER SERVICE, INC., and RICKY LENORD POLK, Defendants

No. COA02-1455

(Filed 4 November 2003)

**Statutes of Limitation and Repose— uninsured motorist claim—underlying action**

An action against an uninsured motorist carrier is subject to the statute of limitations for the insured's tort action against the uninsured motorist. In this case, the company was served with a copy of the summons and complaint of the underlying wrongful death action well after the two-year statute of limitations had run.

Appeal by plaintiff from order dated 9 August 2002 by Judge W. Erwin Spainhour in Anson County Superior Court. Heard in the Court of Appeals 28 August 2003.

*Henry T. Drake for plaintiff-appellant.*

*Caudle & Spears, P.A., by Michael J. Selle and Eric Allen Rogers, for unnamed defendant-appellee Atlantic Indemnity Company.*

*Templeton & Raynor, P.A., by Kenneth R. Raynor, for defendant-appellees Jesse Lee Andrews and Lemons Backhoe Loader Service, Inc.*

BRYANT, Judge.

Velvet Sturdivant (plaintiff) appeals an order dated 9 August 2002 dismissing unnamed defendant Atlantic Insurance Company (Atlantic), which had issued an uninsured motorist (UM) insurance policy to plaintiff, from plaintiff's wrongful death action against named defendants Ricky Lenord Polk (Polk), Lemons Backhoe Service, and Jesse Lee Andrews (Andrews).

Plaintiff is the administratrix of the estate of her deceased daughter, Jacqueline Elizabeth Polk. On 12 April 2000, Jacqueline was a passenger in a car owned and driven by Polk (no relation). The car collided with a loaded timber truck owned by Lemons Backhoe Service and driven by its agent, Andrews. Jacqueline died as a result of the collision. At the time of the accident, Polk and his car were uninsured.

On 8 December 2000, plaintiff instituted a wrongful death action against Polk, Lemons Backhoe Service, and Andrews. On 12 June 2002, plaintiff's counsel sent a regular first-class letter to Atlantic, providing notice of the action against defendants and indicating plaintiff's intention to seek from Atlantic $50,000.00 coverage under plaintiff's UM policy. On 28 June 2002, Atlantic, as an unnamed defendant and on behalf of Polk, moved to dismiss plaintiff's complaint based on lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, and expiration of the statute of limitations. On 3 July 2002 (more than two years after the accident), plaintiff's counsel served Atlantic through certified mail a copy of the summons and complaint issued by plaintiff against the named defendants. In an order dated 9 August 2002, the trial court granted Atlantic's motion and dismissed with prejudice plaintiff's claim against Atlantic.

---

The dispositive issue is whether an action against a UM carrier is subject to the statute of limitations for the insured's tort action against the uninsured motorist.

The appeal in this case is interlocutory and therefore not immediately appealable. *See Abe v. Westview Capital*, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998) ("An order is interlocutory if it does not determine the entire controversy between all of the parties."). We nevertheless elect to grant certiorari under Rule 21 of the North Carolina Rules of Appellate Procedure to review this matter on the merits. *See* N.C.R. App. P. 21.

"An insurance policy is a contract[] and is to be construed and enforced in accordance with its terms insofar as they are not in conflict with pertinent statutes and court decisions." *Poultry Corp. v. Ins. Co.*, 34 N.C. App. 224, 226, 237 S.E.2d 564, 566 (1977). The statute of limitations for bringing a contract action is three years. N.C.G.S. § 1-52(1) (2001). In comparison, the statute of limitations for a wrongful death action is two years. N.C.G.S. § 1-53(4) (2001).

Recently, the North Carolina Supreme Court asserted in dictum:

In the situation where a tortfeasor has no liability insurance coverage, the injured insured's UM carrier generally would be the only insurance provider exposed to liability for the insured's claim for damages. As such, it follows that the UM provider need be made a party to the suit and be served with a copy of the summons and complaint within the statute of limitations governing the underlying tort.

*Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 577, 573 S.E.2d 118, 122 (2002) (holding that an insured's mere failure to notify an *underinsured* motorist [UIM] carrier within the statute of limitations for the underlying tort does not preclude recovery for UIM benefits because the tortfeasor remains principally responsible to defend the tort claim and the UIM carrier is responsible for the insured's injuries only when the limits of the tortfeasor's liability coverage have been exhausted).

Although dicta, the Court's reasoning is consistent with N.C. Gen. Stat. § 20-279.21(b)(3)(a). Under the statute, after an insured has served an uninsured motorist carrier with a copy of a summons, complaint, or other process, the carrier becomes a party to an action between the insured and the UM and is permitted to defend the suit in its own name or the name of the uninsured motorist. N.C.G.S. § 20-279.21(b)(3)(a) (2001). In requiring the UM carrier to be included in the underlying tort action, the legislature intended to subject the insured's action against the carrier to the statute of limitations for the tort claim. *Cf. Pennington*, 356 N.C. at 576-77, 573 S.E.2d at 122 (finding that an insured does not need to notify a *UIM carrier* within the statute of limitations for the tort claim against a UIM because N.C. Gen. Stat. § 20-279.21(b)(4) does not specify the form, substance, or manner of the notice to be given to a UIM carrier and does not require such an insurer to become a party in the tort action).

The Court's reasoning in *Pennington* is also consistent with this Court's earlier ruling in *Thomas v. Washington*, 136 N.C. App. 750, 525 S.E.2d 839 (2000). In *Thomas*, this Court concluded that an insured's action against a UM carrier was time-barred because the insured failed to properly serve the carrier within the three-year statute of limitations for the underlying negligence action against the uninsured motorist. *Id.* at 756, 525 S.E.2d at 843.

STURDIVANT v. ANDREWS

[161 N.C. App. 177 (2003)]

In the instant case, plaintiff's daughter died as a result of an accident on 12 April 2000. Atlantic, plaintiff's UM carrier, was served with a copy of the summons and complaint of the underlying wrongful death action on 3 July 2002, well after the two-year statute of limitations for the action had run. *See Thomas*, 136 N.C. App. at 754, 525 S.E.2d at 842 (stating that the applicable statute of limitations begins to run on the date of accident for actions against both the tortfeasor and the UM carrier). Consequently, Atlantic cannot be made a defendant, and the trial court properly dismissed plaintiff's action against Atlantic.

Affirmed.

Judges McGEE and GEER concur.