JERRY EDWARD CLINE, JR., Plaintiff,
v.
MARCUS BRANDON OWENS, Defendant.
No. COA07-1354
Court of Appeals of North Carolina
Filed June 17, 2008
This case not for publication
Marshall Hurley, PLLC, by Marshall Hurley, for plaintiff-appellant.
Moreau & Marks, PLLC, by Daniel C. Marks, for defendant-appellee.
MARTIN, Chief Judge.
On 31 October 2003, Jerry Edward Cline, Jr. ("plaintiff") had stopped his vehicle in preparation to make a left turn when defendant Marcus Brandon Owens drove his vehicle into the rear of plaintiff's vehicle. Plaintiff complained of injuries resulting from the collision. Plaintiff and his wife had uninsured and under insured motorist coverage with General Insurance Company of America ("General Insurance") with limits of $100,000 per person and $300,000 per accident. General Insurance is a wholly-owned subsidiary of Safeco Corporation ("Safeco").
Plaintiff served Owens with a civil summons, which was delivered on 15 July 2006. On 18 August 2006, plaintiff mailed a courtesy copy of the summons to Laura Overcast, an adjuster at General Insurance who was handling plaintiff's uninsured motorist claim. On 18 September 2006, plaintiff served "Safeco Insurance Company." The North Carolina Department of Insurance informed plaintiff that it could not locate an entity with that name, so it accepted service of the summons and complaint on behalf of Safeco Insurance Company of America, also a wholly-owned subsidiary of Safeco. On 28 February 2007, plaintiff issued a summons to "General Insurance Company of America, a subsidiary of Safeco Insurance Company," rather than Safeco Corporation. The summons and complaint were served on General Insurance through the North Carolina Department of Insurance on 20 March 2007.
On 18 April 2007, General Insurance filed an answer as an unnamed defendant and moved to dismiss on the basis of insufficient service of process and lack of personal jurisdiction. The trial court converted the motion to dismiss into a motion for summary judgment and granted summary judgment in favor of General Insurance. Plaintiff appeals.
We review the grant of summary judgment de novo. Falk Integrated Techs., Inc. v. Stack, 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999). Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). Plaintiff argues that the trial court erred in granting summary judgment in favor of General Insurance because "[t]he law and policy of North Carolina promotes a means of compensation for innocent motorists." Specifically plaintiff contends that Rule 15(c) of the North Carolina Rules of Civil Procedure permits him to add a party after the statute of limitations on his claim expired because he had mistaken the name of the company that needed to be served. Therefore, plaintiff maintains that service on General Insurance was valid and that summary judgment was improper. We disagree.
First, we note that the summons issued on 28 February 2007 was served after the statute of limitations had expired. Although the nature of the relationship between a plaintiff and his insurer is contractual, a plaintiff's action for recovery against an insurer under an uninsured motorist endorsement is "actually one for the tort allegedly committed by the uninsured motorist." Brown v. Casualty Co., 285 N.C. 313, 319, 204 S.E.2d 829, 834 (1974). Thus, "the three-year tort statute of limitations, which begins running on the date of an accident, also applies to the uninsured motorist carrier." Thomas v. Washington, 136 N.C. App. 750, 754, 525 S.E.2d 839, 842 (2000).
In the present case, plaintiff acknowledges that the statute of limitations on plaintiff's claim passed on 31 October 2006. Thus, while plaintiff could serve General Insurance through the North Carolina Department of Insurance, see id. at 755, 525 S.E.2d at 839, he did not do so within the statute of limitations for the tort claim.
Further, North Carolina General Statute § 1A-1, Rule 15(c) does not allow plaintiff to amend an earlier summons to add a new defendant. Rule 15(c), the "relation back" rule, states that:
A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.
N.C. Gen. Stat. § 1A-1, Rule 15(c) (2007).
Our Supreme Court explained this rule in Crossman v. Moore, 341 N.C. 185, 459 S.E.2d 715 (1995):
Nowhere in the rule is there a mention of parties. It speaks of claims and allows the relation back of claims if the original claim gives notice of the transactions or occurrences to be proved pursuant to the amended pleading. When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur. As a matter of course, the original claim cannot give notice of the transactions or occurrences to be proved in the amended pleading to a defendant who is not aware of his status as such when the original claim is filed. We hold that this rule does not apply to the naming of a new party-defendant to the action. It is not authority for the relation back of a claim against a new party.
Id. at 187, 459 S.E.2d at 717 (emphasis added). This Court has interpreted the Crossman decision to "mean that Rule 15(c) is not authority for the relation back of claims against a new party, but may allow for the relation back of an amendment to correct a mere misnomer." Piland v. Hertford County Bd. of Comm'rs, 141 N.C. App.293, 299, 539 S.E.2d 669, 673 (2000). The substitution of one corporation for a separate and distinct corporation is not a correction of a misnomer. See Franklin v. Winn Dixie Raleigh, Inc., 117 N.C. App. 28, 39-40, 450 S.E.2d 24, 31-32 (1994), aff'd, 342 N.C. 464 S.E.2d 404, 46 (1995) (holding that amendment substituting "Winn Dixie Raleigh, Inc." for "Winn Dixie Stores, Inc." was adding a new party and not correcting a misnomer when both were separate corporations).
In the present case, plaintiff issued a summons to "Safeco Insurance Company" on 18 September 2006, and to "General Insurance Company of America, a subsidiary of Safeco Insurance Company" on 28 February 2007 . The statute of limitations on plaintiff's claim expired on 31 October 2006. See N.C. Gen. Stat. § 1-52(16) (2007). Since General Insurance and Safeco are separate and distinct corporate entities, had the process served on General Insurance been valid, it would have effectively added a new party to the lawsuit. Plaintiff seeks not to correct any mistakes or misnomers in the service of process, but to add General Insurance as a party, an impermissible action under Rule 15(c).
For the reasons stated above, there is no genuine issue of material fact with respect to service on General Insurance, and General Insurance was entitled to judgment as a matter of law.
Affirmed.
Judges CALABRIA and ARROWOOD concur.
Report per Rule 30(e).