NO. COA13-1089

NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

DEAVEN GREY DAVIS, DANETTE DAVIS
and DICKIE G. DAVIS,

 Plaintiffs,

 v.         Surry County
            No. 12 CVS 817

HERMILO SALAZAR URQUIZA,

 Defendant.


Appeal by plaintiffs from order entered 11 March 2013 by Judge James M. Webb in Surry County Superior Court. Heard in the Court of Appeals 18 February 2014.

> *Daggett, Shuler, Koontz, Nauman & Bell, P.L.L.C., by Michael W. Clark, for plaintiff-appellants.*

> *Willardson & Lipscomb, LLP, by John S. Willardson, for unnamed defendant-appellee, North Carolina Farm Bureau Mutual Insurance Company.*


STEELMAN, Judge.


Where valid service of process was not made upon an uninsured motorist carrier within the applicable statute of limitations period, the trial court did not err in granting the motion of the uninsured motorist carrier to dismiss for insufficient process or insufficient service of process.

## I. Factual and Procedural Background

On 15 July 2009, Deaven Grey Davis, then a minor, was a passenger in a vehicle struck by another vehicle operated by Hermilo Salazar Urquiza ("defendant"). On 31 May 2012, Deaven Davis, along with her parents, Danette and Dickie G. Davis (collectively, "plaintiffs") filed suit against defendant, seeking monetary damages for personal injuries resulting from the collision.

Defendant was an uninsured motorist. Plaintiffs contended that North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau") provided uninsured motorists' coverage for the collision in accordance with N.C. Gen. Stat. § 20-279.21(b)(3). Defendant was served with a copy of the summons and complaint on 29 July 2012. Plaintiffs also contended that National Grange Insurance Company ("National Grange") provided applicable uninsured motorists' coverage.

On 5 June 2012, counsel for plaintiffs mailed a copy of the summons and complaint to Steve Wagoner, a claims adjuster for Farm Bureau, by certified mail, at Wagoner's office in Wilkesboro. These documents were received on 7 June 2012. On 6 July 2012, Farm Bureau filed an answer to plaintiffs' complaint, as an unnamed party, specifically asserting the defenses of

insufficiency of process and insufficiency of service of process, as well as the statute of limitations. On 27 December 2012, Farm Bureau gave notice to plaintiffs of a hearing on 7 January 2013 concerning its motion to dismiss based upon insufficiency of process and insufficiency of service of process. On 31 December 2012, Farm Bureau served the affidavit of H. Julian Philpott, Jr. This affidavit stated that Steve Wagoner "was not now, nor has he ever been an officer, director or managing agent of North Carolina Farm Bureau Mutual Insurance Company, nor has he ever been a designated process agent for that company..."

Plaintiffs caused alias and pluries summonses to be issued by the Clerk of Superior Court of Surry County, directed to defendant, on 20 July 2012, 25 September 2012, and 10 December 2012. On 2 January 2013, plaintiffs mailed a copy of the summons and complaint to Wayne Goodwin, Commissioner of Insurance, by certified mail, in order to serve Farm Bureau in accordance with the provisions of N.C. Gen. Stat. § 58-16-30. This was received by the Commissioner of Insurance on 7 January 2013.

On 7 January 2013, Farm Bureau's motion to dismiss was heard before the trial court. By order filed 11 March 2013, the

trial court granted defendant's motion, and dismissed plaintiffs' complaint against Farm Bureau as an unnamed defendant, with prejudice.

Plaintiffs appeal.

## II. Standard of Review

"We review de novo the grant of a motion to dismiss." *Lea v. Grier*, 156 N.C. App. 503, 507, 577 S.E.2d 411, 414 (2003). Where there is no valid service of process, the court lacks jurisdiction over a defendant, and a motion to dismiss pursuant to Rule 12(b) should be granted. *Sink v. Easter*, 284 N.C. 555, 561, 202 S.E.2d 138, 143 (1974).

## III. Service of Process

In their sole argument on appeal, plaintiffs contend that the trial court erred in dismissing the complaint against Farm Bureau for insufficient process and/or insufficient service of process. We disagree.

N.C. Gen. Stat. § 20-279.21(b)(3), concerning uninsured motorist coverage, provides that:

> [T]he insurer shall be bound by a final judgment taken by the insured against an uninsured motorist if the insurer has been served with copy of summons, complaint or other process in the action against the uninsured motorist by registered or certified mail, return receipt requested, or in any manner provided by law . . . The

insurer, upon being served as herein provided, shall be a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and may defend the suit in the name of the uninsured motorist or in its own name. The insurer, upon being served with copy of summons, complaint or other pleading, shall have the time allowed by statute in which to answer, demur or otherwise plead (whether the pleading is verified or not) to the summons, complaint or other process served upon it. . . . The failure to post notice to the insurer 60 days in advance of the initiation of suit shall not be grounds for dismissal of the action, but shall automatically extend the time for the filing of an answer or other pleadings to 60 days after the time of service of the summons, complaint, or other process on the insurer.

N.C. Gen. Stat. § 20-279.21(b)(3)(a) (2013). This statute provides that, in order for an uninsured motorist carrier to be bound by a proceeding, mere notice is insufficient; the carrier must be formally served with process. *See Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 576, 573 S.E.2d 118, 122 (2002) (holding that the statute "unequivocally requires that the UM carrier be served with a copy of the summons and complaint in order to be bound by a judgment against the uninsured motorist.").

Under Rule 4(j)(6) of the North Carolina Rules of Civil Procedure, service of process can be effected upon a corporation:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
>
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C. R. Civ. P. 4(j)(6) (2013). In addition, N.C. Gen. Stat. § 58-16-30 provides that an insurance company can be served by

serving the North Carolina Commissioner of Insurance. N.C. Gen. Stat. § 58-16-30 (2013).

We have previously held that statutes concerning service of process must be strictly complied with, and that even actual notice, if it does not comply with statutory requirements, does not give the court jurisdiction over a party. *Fulton v. Mickle*, 134 N.C. App. 620, 623-24, 518 S.E.2d 518, 520-21 (1999). In *Fulton*, we held that service upon a party was defective for two reasons: first, because it was delivered by regular mail instead of certified mail; second, because the recipient was not one of those listed in Rule 4(j)(6) as authorized to receive service. We hold that this latter basis, the lack of an authorized recipient, is controlling in the instant case.

"[A] defendant who seeks to rebut the presumption of regular service generally must present evidence that service of process failed to accomplish its goal of providing defendant with notice of the suit. However, once the defendant has pled the statute of limitations, the burden is on the plaintiff to show that his cause of action accrued within the limitations period." *Lawrence v. Sullivan*, 192 N.C. App. 608, 621-22, 666 S.E.2d 175, 182-83 (2008) (citations and quotations omitted). In *Lawrence*, the plaintiff, seeking to bring an action against

Sullivan, served process within the applicable limitations period by certified mail. The letter was signed for by one James Holt. The plaintiff voluntarily dismissed the case, and then refiled it within one year. The defendant, in her affidavit, stated that she did not reside at the residence where the certified letter was delivered or receive a copy of the summons and complaint. The trial court held that the defendant had rebutted the presumption of valid service within the limitations period, placing the burden upon the plaintiff to prove that the action accrued within the limitations period. The trial court held that the plaintiff failed to do so, and that defendant was entitled to a dismissal due to insufficient process or service of process within the applicable limitations period. We affirmed. *Id*. at 623, 666 S.E.2d at 183.

In the instant case, plaintiffs mailed a copy of the summons and complaint to Steve Wagoner, a claims adjuster for Farm Bureau, by certified mail on 5 June 2012. Plaintiffs' complaint alleged that the accident took place on 15 July 2009. The applicable statute of limitations for personal injury in tort, and for service on a UM carrier, arising out of an automobile accident is three years. N.C. Gen. Stat. § 1-52(16) (2013); *Thomas v. Washington*, 136 N.C. App. 750, 754, 525 S.E.2d

839, 842 (2000) (holding that "the three-year tort statute of limitations, which begins running on the date of an accident, also applies to the uninsured motorist carrier.").

The affidavit of H. Julian Philpott, Jr., states that Wagoner was neither an officer nor director, nor a designated agent for service of process, for Farm Bureau. This affidavit rebutted the presumption that service upon Wagoner was effective. Plaintiff failed to present evidence to demonstrate effective service within the limitations period. We therefore hold that plaintiffs' purported service of process upon Steve Wagoner was defective.

Plaintiffs contend that this case presents us with "a new set of facts with no case law directly on point." This is simply not correct. Our opinion in *Thomas v. Washington* is controlling. In *Thomas*, the plaintiff had uninsured motorist coverage, and was in an accident on 31 March 1995; "the three-year statute of limitations applicable to automobile negligence actions ran on 31 March 1998." *Thomas*, 136 N.C. App. at 751-53, 525 S.E.2d at 841.[1] The plaintiff instituted an action within

---

[1] We are puzzled as to why appellee does not directly cite to *Thomas v. Washington* in its brief. Rather, its argument is based upon a recommended decision of a federal magistrate in *Neth. Ins. Co. v. Cockman*, 342 F. Supp. 2d 396 (M.D.N.C. 2004), which references *Thomas v. Washington*. Appellee cites this

the limitations period, and properly served the individual defendants; however, the uninsured motorist carrier was not served within the applicable three-year period. Plaintiff contended that service upon the insurance company was nonetheless effective, despite being served upon the company's registered agent after the expiration of the limitations period. Plaintiff's contention was that the limitations period was based on contract, not on tort, and that the action was kept alive through alias or pluries summonses. *Id*. at 753-54, 525 S.E.2d at 842. We disagreed, holding that the three-year tort statute of limitations applied, and that alias or pluries summonses only extend the action upon defendants who are not served, until such time as service can be made. *Id*. at 753-55, 525 S.E.2d 842-43. We further held that:

> Our appellate courts have required strict compliance with the statutes which provide for service of process on insurance companies in similar situations. For

---

decision as if it was authoritative. It is not. With regard to matters of North Carolina state law, "neither this Court nor our Supreme Court is 'bound by the decisions of federal courts, including the Supreme Court of the United States, although in our discretion we may conclude that the reasoning of such decisions is persuasive.'" *Libertarian Party of N.C. v. State*, 200 N.C. App. 323, 331, 688 S.E.2d 700, 706 (2009) *aff'd as modified,* 365 N.C. 41, 707 S.E.2d 199 (2011) (quoting *State ex rel. Martin v. Preston,* 325 N.C. 438, 449-50, 385 S.E.2d 473, 479 (1989)). Briefs should cite directly to controlling North Carolina precedent.

> example, in *Fulton v. Mickle* this Court held that mailing a copy of the summons and complaint by *regular mail to a claims examiner for the insurer* did not comply with the requirement of Rule 4(j)(6)(c) of the Rules of Civil Procedure that a copy of the summons and complaint be mailed by "registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served...."

*Id*. at 755, 525 S.E.2d at 843.

Where a plaintiff seeks to bind an uninsured motorist carrier to the result in a case, the carrier must be served by the traditional means of service, within the limitations period. In the instant case, plaintiffs' service upon a claims adjuster was insufficient. As we held in *Thomas*, plaintiffs' alias and pluries summonses issued after defendant was served have no legal effect. *Id*. at 755, 525 S.E.2d at 843. Plaintiffs' service upon the Commissioner of Insurance outside of the limitations period mandated dismissal.

The trial court did not err in granting Farm Bureau's motion to dismiss for insufficiency of process or insufficiency of service of process.

This argument is without merit.

AFFIRMED.

Judges McGEE and ERVIN concur.