ARROWOOD, Judge.
 

 *488
 
 Joe Wallace Powell, Jr. ("plaintiff") appeals from an order granting the unnamed defendant, Mid-Continent Casualty Company's ("Mid-Continent") motion for summary judgment. For the reasons stated herein, we affirm the order of the trial court.
 

 I.
 
 Background
 

 On 4 February 2009, plaintiff filed a complaint for personal injury against Robert Kent ("defendant Kent") and Cynthia Young ("defendant Young") in case number 09 CVS 156. On the same date, summons were issued against defendants Kent and Young. Service of the summons and complaint on defendants Kent and Young was made on 10 February 2009. On 24 February 2009, summons was issued to Mid-Continent. Service of the summons and complaint as to Mid-Continent was made through the Commissioner of Insurance on 31 March 2009. On 1 October 2013, Mid-Continent filed a motion to dismiss. On 13 December 2013, an order of voluntary dismissal without prejudice and with leave to re-file pursuant to Rule 41(a)(2) of the North Carolina Rules of Civil Procedure was entered.
 

 *489
 
 On 24 February 2014, plaintiff re-filed the action in case number 14 CVS 00168. On the same date, summonses were issued against defendant Kent, defendant Young, and Mid-Continent. Service of the summons and complaint on defendants Kent and Young was made on 3 March 2014. Service of the summons and complaint as to Mid-Continent was made through the Commissioner of Insurance on 20 March 2014 and was received on 24 March 2014. On 2 November 2014, a notice of voluntary dismissal without prejudice as to his claim against Mid-Continent was filed and a stipulated notice of voluntary dismissal without prejudice was filed as to the claims against defendants Kent and Young.
 

 On 26 February 2016, plaintiff re-filed his complaint against defendants Kent and Young in case number 16 CVS 188. Plaintiff alleged as follows: Plaintiff was the owner of a 1997 Chevrolet truck, defendant Kent was the owner of a Chevrolet Silverado truck, and defendant Young was the owner of a
 
 *243
 
 Ford F-350 truck. Defendant Kent was in default in the payment of an automobile loan which was secured by the Chevrolet Silverado truck. Plaintiff's employer had contracted with the financial institution which had made the secured loan to defendant Kent to repossess the Chevrolet Silverado. Plaintiff was informed that the Chevrolet Silverado was located on defendant Young's property, and plaintiff, with his wife as passenger, drove his 1997 Chevrolet truck to repossess the Chevrolet Silverado. After taking possession of the Chevrolet Silverado, plaintiff's truck was blocked by a cable and another vehicle, leaving plaintiff unable to return to the public road.
 

 Plaintiff further alleged that after he exited his truck, he saw defendant Kent, driving defendant Young's Ford F-350 truck, drive toward plaintiff's direction. Defendant Kent slammed on the brakes of the Ford F-350 truck, which began "skidding and sliding in the [plaintiff's] direction[.]" While the Ford F-350 was coming to a sliding stop, defendant Kent opened the door in an attempt to exit the truck. The Ford F-350 struck plaintiff "in a glancing blow[,]" causing plaintiff's body to be spun around and into the open driver's side door. Defendant Kent then struck both his Chevrolet Silverado and plaintiff's 1997 Chevrolet truck with a metal bar, causing substantial property damage to both vehicles. Defendant Kent removed items from the Chevrolet Silverado and told plaintiff to leave the property. Defendant Young remained in the vehicle throughout the entire incident. Plaintiff and his wife then left the property in plaintiff's truck, with the Chevrolet Silverado. Based on the foregoing, plaintiff alleged the following claims: negligence, personal injury, and punitive damages as to defendants Kent and Young; uninsured/underinsured coverage claim against Mid-Continent.
 

 *490
 
 On 3 January 2017, Mid-Continent filed a motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. Mid-Continent argued that because defendants Kent and Young did not have an insurance policy to provide liability coverage for the claims against them and because Mid-Continent had an insurance policy covering plaintiff's vehicle at the time of the incident, plaintiff's claims against Mid-Continent fell exclusively within the realm of uninsured motorist ("UM") claims, governed by
 
 N.C. Gen. Stat. § 20-279.21
 
 (b)(3). Mid-Continent, citing several North Carolina cases, contended that the statute of limitations for UM claims requires that UM insurance carriers be served with the summons and complaint no later than three years after the date of injury. Because the automobile accident in this case occurred on 8 February 2006 and Mid-Continent was not served with the summons and complaint until more than six weeks after the expiration of the statute of limitations, Mid-Continent argued that plaintiff's claims against Mid-Continent should be dismissed at summary judgment.
 

 On 8 February 2017, the trial court entered an order granting Mid-Continent's motion for summary judgment and dismissing plaintiff's claims against Mid-Continent.
 

 On 6 March 2017, plaintiff filed timely notice of appeal.
 

 II.
 
 Discussion
 

 On appeal, plaintiff's sole argument is that the trial court erred by granting summary judgment in favor of Mid-Continent and dismissing his claims. Specifically, plaintiff contends that he was not required to obtain service upon the UM insurer within three years of the date of injury to be within the statute of limitations time period, that
 
 N.C. Gen. Stat. § 20-279.21
 
 (b)(3) did not require that a civil summons be issued against the UM insurer, and that he timely served Mid-Continent in accordance with
 
 N.C. Gen. Stat. § 20-279.21
 
 (b)(3). We disagree.
 

 "Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' "
 
 In re Will of Jones
 
 ,
 
 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008) (quoting
 
 Forbis v. Neal
 
 ,
 
 361 N.C. 519
 
 , 523-24,
 
 649 S.E.2d 382
 
 , 385 (2007) ). "The evidence produced by the parties is viewed in the light most favorable to the non-moving party."
 

 *244
 

 Hardin v. KCS Int'l., Inc.
 
 ,
 
 199 N.C. App. 687
 
 , 695,
 
 682 S.E.2d 726
 
 , 733 (2009) (citation omitted).
 

 *491
 

 N.C. Gen. Stat. § 20-279.21
 
 (b)(3)(a) provides that in order for a UM carrier to be bound by a judgment against an uninsured motorist, the insurer must be "served with copy of summons, complaint or other process in the action against the uninsured motorist by registered or certified mail, return receipt requested, or in any manner provided by law[.]"
 
 N.C. Gen. Stat. § 20-279.21
 
 (b)(3)(a) (2015). Once the insurer has been properly served, it becomes "a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and may defend the suit in the name of the uninsured motorist or in its own name."
 

 Id.
 

 N.C. Gen. Stat. § 20-279.21
 
 (b)(3)(a) does not specify a time limitation for service of the UM carrier. However, we are bound by our Court's holding in
 
 Thomas v. Washington
 
 ,
 
 136 N.C. App. 750
 
 ,
 
 525 S.E.2d 839
 
 ,
 
 disc. review denied
 
 ,
 
 352 N.C. 598
 
 ,
 
 545 S.E.2d 223
 
 (2000), which was more recently confirmed in
 
 Davis v. Urquiza
 
 ,
 
 233 N.C. App. 462
 
 ,
 
 757 S.E.2d 327
 
 (2014).
 
 See
 

 In re Civil Penalty
 
 ,
 
 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").
 

 In
 
 Thomas
 
 , the plaintiff was injured in an automobile accident on 31 March 1995, when she was struck by an uninsured vehicle.
 
 Thomas
 
 ,
 
 136 N.C. App. at 751
 
 ,
 
 525 S.E.2d at 840
 
 . The plaintiff's vehicle was insured by North Carolina Farm Bureau Mutual Insurance Company ("Farm Bureau") and her policy provided UM coverage for the plaintiff.
 

 Id.
 

 While the plaintiff instituted an action against the defendants within the three-year statute of limitations applicable to automobile negligence actions, and properly served them with the summons and complaint, the plaintiff failed to properly serve Farm Bureau within the statutory time limit.
 
 Id.
 
 at 753,
 
 525 S.E.2d at 841
 
 . The plaintiff attempted to argue that because her action against Farm Bureau arose from a contract of insurance, the three-year statute of limitations did not apply, and that her action was kept alive through alias and pluries summonses.
 
 Id.
 
 at 754,
 
 525 S.E.2d at 842
 
 . Our Court rejected the plaintiff's arguments, holding that "the three-year tort statute of limitations, which begins running on the date of an accident, also applies to the uninsured motorist carrier[ ]" and that alias or pluries summonses only extend the action upon defendants who are not served, until such time as service can be made.
 
 Id.
 
 at 754-55,
 
 525 S.E.2d at 842-43
 
 . The trial court's order granting the defendant's motion for summary judgment was affirmed.
 
 Id.
 
 at 756,
 
 525 S.E.2d at 843
 
 .
 

 *492
 
 In
 
 Davis
 
 , the plaintiffs filed suit against the defendant, an uninsured motorist, seeking monetary damages for personal injuries resulting from a collision that occurred on 15 July 2009.
 
 Davis
 
 ,
 
 233 N.C. App. at 462-63
 
 ,
 
 757 S.E.2d at 329
 
 . The plaintiffs contended that Farm Bureau provided UM coverage for the accident in accordance with
 
 N.C. Gen. Stat. § 20-279.21
 
 (b)(3).
 

 Id.
 

 at 463
 
 ,
 
 757 S.E.2d at 329
 
 . The suit was filed 31 May 2012 and the defendant was served with a copy of the summons and complaint on 29 July 2012.
 

 Id.
 

 at 462-63
 
 ,
 
 757 S.E.2d at 329
 
 . On 2 January 2013, plaintiffs mailed a copy of the summons and complaint to the Commissioner of Insurance, by certified mail, in order to serve Farm Bureau. It was received on 7 January 2013.
 

 Id.
 

 at 463
 
 ,
 
 757 S.E.2d at 329
 
 . Our Court upheld the trial court's dismissal of the plaintiffs' claim against Farm Bureau, stating that mere notice to the UM carrier is insufficient under
 
 N.C. Gen. Stat. § 20-279.21
 
 (b)(3)(a) ; "the carrier must be formally served with process."
 

 Id.
 

 at 464
 
 ,
 
 757 S.E.2d at 330
 
 . Relying on the holding in
 
 Thomas
 
 , our Court stated that "[t]he applicable statute of limitations for personal injury in tort, and for service on a UM carrier, arising out of an automobile accident is three years."
 

 Id.
 

 at 466
 
 ,
 
 757 S.E.2d at
 
 331 (citing
 
 N.C. Gen. Stat. § 1-52
 
 (16) and
 
 Thomas
 
 ). The Court reiterated that "[w]here a plaintiff seeks to bind an uninsured motorist carrier to the result in a case, the carrier must be served by the traditional means of service, within the limitations period."
 

 Id.
 

 at 467
 
 ,
 
 757 S.E.2d at 332
 
 .
 

 The holdings in
 
 Thomas
 
 and
 
 Davis
 
 appear to be inconsistent with other applications of
 
 *245
 
 the statute of limitation which hold that cases are timely when filed within the statute of limitation, with service of process permitted within the time frames set forth in Rule 4 of the North Carolina Rules of Civil Procedure, even when service is accomplished after the statute of limitation has expired. While we are unable to discern any requirement in
 
 N.C. Gen. Stat. § 20-279.21
 
 (b)(3)(a) that specifically requires in an uninsured motorist action that service of process also be accomplished before the date the statute of limitation expires, we are bound by the prior determinations in
 
 Thomas
 
 and
 
 Davis.
 
 Given this inconsistent application of the statutes of limitation for similarly situated litigants, this situation appears ripe for determination or clarification by our Supreme Court or the Legislature.
 

 In the present case, the automobile accident occurred on 8 February 2006. In accordance with the decisions discussed above, the three-year statute of limitations applicable to automobile negligence actions expired on 8 February 2009. Although plaintiff instituted an action within the limitations period and properly served defendants Kent and Young,
 
 *493
 
 Mid-Continent was not served with the summons and complaint until 31 March 2009, outside of the three-year statute of limitations. Accordingly, we are compelled to hold that the trial court did not err by granting summary judgment in favor of Mid-Continent.
 

 AFFIRMED.
 

 Judges STROUD and ZACHARY concur.