IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-376

No. COA21-518

Filed 7 June 2022

Forsyth County, No. 20 CVS 5229

RICKY DEAN, ADMINISTRATOR OF THE ESTATE OF OLIVIA DARLENE FLORES, Plaintiff,

v.

RAVON WALSER ROUSSEAU, Defendant.

Appeal by plaintiff from Order entered 17 May 2021 by Judge John O. Craig in Forsyth County Superior Court and from Order entered 25 May 2021 by Judge Martin B. McGee in Forsyth County Superior Court.  Heard in the Court of Appeals 22 February 2022.

> *Morrow Porter Vermitsky & Taylor, PLLC, by John N. Taylor, Jr., for plaintiff-appellant.*
>
> *Sue & Anderson L.L.P., by Gary K. Sue, for unnamed defendant-appellee Southern General Insurance Company.*
>
> *Bowden Gardner & Hill, P.C., by Spencer L. Hill, for unnamed defendant-appellee National General Insurance Company.*

GORE, Judge.

¶ 1        Plaintiff Ricky Dean, administrator of the estate of Olivia Darlene Flores, appeals from two Orders granting Motions to Dismiss filed by unnamed defendants Southern General Insurance Company ("Southern General") and National General

Insurance Company ("National General"). For the reasons stated herein, we affirm the Orders of the trial court.

## I.    Background

On 12 November 2020, plaintiff filed a complaint for wrongful death and survivorship damages against Ravon Walser Rousseau. Plaintiff alleged that on 14 November 2018, Ms. Flores was involved in a collision with Mr. Rousseau while operating a taxi cab for Taxi Universal, Ms. Flores's employer. The complaint alleges that at the time of the collision with Ms. Flores, Mr. Rousseau was racing with a second vehicle and driving at excessive speeds. The driver of the second vehicle fled the scene and was never identified. Mr. Rousseau also fled the scene but was later apprehended and charged with second-degree murder and felonious hit and run; he pled guilty and was sentenced to fifteen years in prison. Ms. Flores was pronounced dead at the scene. Mr. Rousseau did not have car insurance, however, Ms. Flores's insurance policies with Southern General and National General included uninsured motorist coverage.

On 12 November 2020, a Civil Summons was issued against Southern General. Service of the Summons and Complaint as to Southern General and National

General[1] were made through the Commissioner of Insurance on 1 December 2020 and 26 January 2021, respectively. Southern General filed an Answer and Motion to Dismiss on 29 December 2020 and National General filed an Answer and Motion to Dismiss on 15 February 2021. Both Southern General and National General claimed that plaintiff's claim should be dismissed for failure to state a claim upon which relief may be granted pursuant to North Carolina Rules of Civil Procedure Rule 12(b)(6) because plaintiff failed to serve the unnamed defendants within the applicable statute of limitations.

¶ 4 The trial court granted Southern General's motion to dismiss pursuant to Rule 12(b)(6) on 17 May 2021 and National General's motion to dismiss pursuant to Rule 12(b)(6) on 20 May 2021. The trial court entered an Amended Default Judgment against Mr. Rousseau on 8 June 2021. Plaintiff entered Notice of Appeal from the two Orders granting the Southern General and National General Motions to Dismiss on 1 July 2021.

## II. Discussion

¶ 5 Plaintiff appeals from grants of a 12(b)(6) motion to dismiss. On appeal, plaintiff argues that decisions from this Court regarding similarly situated litigants

---

[1] The record does not include the Civil Summons issued to National General. Generally, failure to include the Civil Summons would frustrate review of the issue before this Court. However, we were able to piece together enough of the facts to resolve the issue presented.

are inconsistent. This line of cases includes *Thomas v. Washington*, 136 N.C. App. 750, 525 S.E.2d 839 (2000), *Davis v. Urquiza*, 233 N.C. App. 462, 757 S.E.2d 327 (2014), and *Powell v. Kent*, 257 N.C. App. 488, 810 S.E.2d 241, *disc. rev. denied*, 371 N.C. 338, 813 S.E.2d 857 (2018). These cases have been interpreted as standing for the proposition that service of the complaint and summons on an unnamed defendant uninsured motorist carrier must occur before the expiration of the applicable statute of limitations.

¶ 6        "The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint." *Simpson v. Sears*, 231 N.C. App. 412, 414, 752 S.E.2d 508, 509 (2013). "In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

¶ 7        In order for an uninsured motorist carrier to be bound by a judgment against an uninsured motorist, the insurer must be "served with copy of summons, complaint or other process in the action against the uninsured motorist by registered or certified

mail, return receipt requested, or in any manner provided by law . . . ." N.C. Gen. Stat. § 20-279.21(b)(3)(a) (2021). "The insurer, upon being served as herein provided, shall be a party to the action between the insured and the uninsured motorist though not named in the caption of the pleadings and may defend the suit in the name of the uninsured motorist or in its own name." *Id.*

¶ 8    N.C. Gen. Stat. § 20-279.21(b)(3)(a) does not specify a time limitation for service of the uninsured motorist carrier. However, the North Carolina Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." N.C. R. Civ. P. 3(a) (2021). The Rules go on to state that "[u]pon the filing of a complaint, summons shall be issued forthwith, and in any event within five days." N.C. R. Civ. P. 4(a). "Personal service or substituted personal service of summons as prescribed by Rule 4(j) and (j1) must be made within 60 days after the date of the issuance of summons." N.C. R. Civ. P. 4(c).

¶ 9    In *Thomas*, the plaintiff instituted an action to recover for personal injuries from a car accident before the statute of limitations applicable to automobile negligence expired and properly issued summons against both individual defendants, who were properly served. *Thomas*, 136 N.C. App. at 753, 525 S.E.2d at 841. A series of alias and pluries summonses were issued and directed to the named defendants, but the uninsured motorist carrier was not served within the statutory time limit. *Id.* The plaintiff argued that because her action against the uninsured motorist carrier

arose from a contract of insurance, the statute of limitations did not apply, and that her action was kept alive through alias and pluries summonses. *Id.* at 754, 525 S.E.2d at 842. This Court rejected the plaintiff's arguments in affirming the trial court's grant of summary judgment, holding that the applicable statute of limitations, "which begins running on the date of the accident, also applies to the uninsured motorist carrier[]" and that "the provisions relating to issuance of alias or pluries summonses did not apply, as both individual defendants were served personally with the original summons." *Id.* at 754-56, 525 S.E.2d at 842-43.

¶ 10        In *Davis*, the plaintiff filed a claim for personal injuries resulting from a vehicular collision against the defendant, an uninsured motorist, on 31 May 2012. *Davis*, 233 N.C. App. at 463, 757 S.E.2d at 329. On 5 June 2012, counsel for the plaintiff mailed a copy of the summons and complaint to a representative of the uninsured motorist carrier (who was not a proper person upon which service of process could be made). *Id.* The uninsured motorist carrier's representative received these documents on 7 June 2012 and the uninsured motorist carrier filed an answer to plaintiff's complaint on 6 July 2012, asserting the defenses of insufficiency of process as well as the statute of limitations. *Id.* The plaintiffs caused alias and pluries summonses to be issued on 20 July 2012, 25 September 2012, and 10 December 2012. *Id.* On 2 January 2013, the plaintiffs sent by certified mail a copy of the summons and complaint to the Commissioner of Insurance in order to be served upon the

uninsured motorist carrier. This Court, in affirming the trial court's dismissal of the plaintiff's complaint, stated that mere notice to the uninsured motorist carrier is insufficient under N.C. Gen. Stat. § 20-279.21(b); "the carrier must be formally served with process." *Id.* at 464, 757 S.E.2d at 330. The Court went on to state that "[w]here a plaintiff seeks to bind an uninsured motorist carrier to the result in a case, the carrier must be served by the traditional means of service, within the limitations period." *Id.* at 467, 757 S.E.2d at 332.

¶ 11 In *Powell*, the plaintiff filed a complaint for personal injury and had summons issued against the individual defendants on 4 February 2009. *Powell*, 257 N.C. App. at 488, 810 S.E.2d at 242. Summons were issued to the uninsured motorist carrier on 24 February 2009 and service of the summons and complaint as to the uninsured motorist carrier was made through the Commissioner of Insurance on 31 March 2009. *Id.* The complaint was voluntarily dismissed on 13 December 2013 and refiled on 24 February 2014. *Id.* at 488-89, 810 S.E.2d at 242. The uninsured motorist carrier was served through the Commissioner of Insurance with the summons and refiled complaint on 20 March 2014. *Id.* at 489, 810 S.E.2d at 242. The complaint was again voluntarily dismissed on 2 November 2014. *Id.* Plaintiff refiled his complaint on 26 February 2016. *Id.* The uninsured motorist company moved for summary judgment because it was served with the summons and complaint after the statute of limitations had expired, which the trial court granted. *Id.* at 490, 810 S.E.2d at 243.

This Court concluded that our holdings in *Thomas* and *Davis* required the Court to affirm the trial court's grant of summary judgment. *Id.* at 493, 810 S.E.2d at 245. However, this Court noted:

> The holdings in *Thomas* and *Davis* appear to be inconsistent with other applications of the statute of limitation which hold that cases are timely when filed within the statute of limitation, with service of process permitted within the time frames set forth in Rule 4 of the North Carolina Rules of Civil Procedure, even when service is accomplished after the statute of limitation has expired. While we are unable to discern any requirement in N.C. Gen. Stat. § 20-279.21(b)(3)(a) that specifically requires in an uninsured motorist action that service of process also be accomplished before the date the statute of limitation expires, we are bound by the prior determinations in *Thomas* and *Davis*. Given this inconsistent application of the statutes of limitations for similarly situated litigants, this situation appears ripe for determination or clarification by our Supreme Court or Legislature.

*Id.* at 492, 810 S.E.2d at 244-45.

¶ 12        In the case *sub judice*, the action for wrongful death was filed on 12 November 2020, before the applicable two-year statute of limitations expired on 14 November 2020. *See Brown v. Lumbermens Mut. Casualty Co.*, 285 N.C. 313, 319, 204 S.E.2d 829, 833 (1974) (applying the two-year statute of limitations for wrongful death actions to claims brought by a deceased's estate seeking to recover from an uninsured motorist provision). The civil summons was issued that same day. Southern General and National General were then served with the summons and complaint through

the Commissioner of Insurance on 1 December 2020 and 26 January 2021, respectively. Neither our Supreme Court nor General Assembly has addressed this issue since this Court's holding in *Powell*. Thus, just as we were in *Powell*, we are bound by this Court's prior decisions and must affirm the trial court's dismissal of plaintiff's actions because both Southern General and National General were served after the statute of limitations expired. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

¶ 13        However, just as in *Powell* we note that the rule established by this Court in *Thomas* and *Davis* seems inapposite and inconsistent with this State's Rules of Civil Procedure and how the statute of limitations is evaluated in other civil matters. Thus, we once again request clarification and further guidance from either our Supreme Court or General Assembly.

### III.    Conclusion

¶ 14        For the foregoing reasons the Orders of the trial court are affirmed.


AFFIRMED.

Judges INMAN and ZACHARY concur.